430 P.2d 444

James R. LOWERY and Betty Lowery, his wife, Appellants,

v.

UNIVERSAL MATCH CORPORATION, also known as Unidynamics, a Delaware corporation, Appellee.

I CA–CIV 397.

Court of Appeals of Arizona.

July 24, 1967.

Rehearing Denied Sept. 1, 1967.

Review Denied Oct. 17, 1967.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellants.

Robert K. Park and Jennings, Strouss, Salmon & Trask, by Rex H. Moore and William R. Jones, Jr., Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from the granting of a motion for summary judgment in favor of the defendant Universal Match Corporation, also known as Unidynamics. The plaintiff-husband is a former employee of Universal Match and alleged in his complaint that while employed as a mechanic for defendant Universal Match he

"* * * as part of his regular employment duties was required to perform maintenance functions on and about certain equipment which contained ortho chlorobenzylidene malonoitrile material and other chemicals and gases, all of which are highly dangerous to human life and limb.

III.

"Defendant Unidynamics and its agents and elective officers, in willful disregard of the life, health and bodily safety of the plaintiff failed to take safety measures and to provide safety devices to the plaintiff, knowing that such failure would cause plaintiff great bodily harm and danger to his life and health, and committed other acts against the plaintiff in willful disregard of his life, health and bodily safety.

IV.

"As a direct and proximate result of the misconduct of the defendant Unidynamics, plaintiff, James Lowery, sustained serious, disabling and permanent injuries."

Defendant Universal Match filed a Motion to Dismiss or in the alternative for Summary Judgment supported by affidavits which are not controverted and which showed that the defendant Universal Match was covered by the Arizona Workmen's Compensation Act, A.R.S. § 23–901 et seq. and the Arizona Occupational Disease Disability Act, A.R.S. § 23–1101 et seq., that notices were duly posted, and that plaintiff James Lowery had not rejected the provisions of either act as required by A.R.S. §§ 23–906 and 23–1223.

Defendant's motion for summary judgment, pursuant to Rule 56(b) of the Rules of Civil Procedure, 16 A.R.S., was granted as to the defendant Universal Match, and plaintiffs bring this appeal. Plaintiffs also brought suit against John Does I through V, and in the second claim of his complaint alleged that John Does I through V were employees and "negligently and/or willfully provided inadequate and defective safety devices knowing such conduct would cause plaintiff great bodily harm and danger to his life and health and committed other acts of negligence and/or willful misconduct against the plaintiff in disregard of his life, health and bodily safety." We are not concerned herein with a claim in tort against fellow employees as was the situation in Marquez v. Rapid Harvest, 1 Ariz. App. 562, 405 P.2d 814 (1965).

■ In reviewing the granting of a summary judgment the evidence and all reasonable inferences that may be drawn from the evidence of record will be viewed in the light most favorable to the party against whom the judgment was rendered. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964). It being admitted that the employer was covered by workmen's compensation and that the plaintiff did not reject the provisions of the Workmen's Compensation or Employer's Occupational Disease Act, we must determine whether the facts set forth herein exempt plaintiff from the provisions of A.R.S. § 23–1022 and allow him to sue his employer in tort. A.R.S. § 23–1022 states:

"A. The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer, except as provided by §§ 23–906 and 23–964, and except where the injury is caused by the employer's wilful misconduct and the act causing the injury is the personal act of the employer himself, or if the employer is a partnership, on the part of one of the partners, or if a corporation, on the part of an elec-

tive officer thereof, and the act indicates a wilful disregard of life, limb or bodily safety of employees, in which event the injured employee may, at his option, either claim compensation or maintain an action at law for damages.

"B. The term 'wilful misconduct' as employed in this section shall be construed to mean an act done knowingly and purposely with the direct object of injuring another."

This Court has recently stated in a case wherein the facts were far stronger than those alleged herein:

"It is well settled that where a statute expressly defines certain words and terms used in the statute the court is bound by the legislative definition in all cases where the rights of the parties litigant are based upon that statute. County of Pima v. School District No. One, 78 Ariz. 250, 278 P.2d 430 (1954). The legislature has set two requirements which must be proved in order to exempt an employee from the Workmen's Compensation Act and permit recovery against the employer. The first is, the act must have been done knowingly and purposely. The second is, the act must have had the direct object of injuring another. Gross negligence, or wantonness amounting to gross negligence, is not sufficient to constitute a 'willful act' under our statutory definition. It must be shown that the negligence or wantonness was accompanied by the intent to inflict an injury upon another person.

\* \* \* \* \* \*

"It would appear that our statute as well as the principles governing the interpretation of the workmen's compensation statutes which provide for suit at common law for the employer's willful misconduct require that there be deliberate intention as distinguished from some kind of intention presumed from gross negligence. 2 Larson, Workmen's Compensation Law, Sec. 69.20 (1961). The Arizona statute is most restrictive in this regard. It is the opinion of this Court that

the facts presented on review, viewed in the light most favorable to the plaintiff-employees, clearly establish the negligence of the defendant-employer but fail to establish that the employer, through its elected officer, acted with the intent required by our statute. A.R.S. § 23-1022." Serna v. Statewide Contractors, Inc., (1967). 6 Ariz.App. 12, 429 P.2d 504.

 In the instant case as to the employer we find no conduct which would satisfy the willful intent required by our statute. A.R.S. § 23-1022. From the record before us it would appear that plaintiff's exclusive remedy as to the employer, Universal Match, is to the Industrial Commission of Arizona. By this decision we do not discuss plaintiff's remedies against his fellow employees or the applicability of Marquez v. Rapid Harvest, vacated, supra.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.