449 P.2d 626

**ARIZONA STATE TAX COMMISSION
et al., Appellants,**

v.

**PARSONS–JURDEN CORPORATION, a
New York corporation, Appellee.**

**No. 1 CA–CIV 722.**

Court of Appeals of Arizona.

Jan. 28, 1969.

Rehearing Denied Feb. 20, 1969.
Review Denied March 25, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by James D. Winter, Asst. Atty. Gen., for appellants.

Boyle, Bilby, Thompson & Shoenhair, by David W. Richter, Tucson, for appellee.

CAMERON, Judge.

This is an appeal by the defendant Arizona State Tax Commission from a judgment of the trial court which granted the motion of the plaintiff, Parsons-Jurden Corporation, for summary judgment and denied defendant's motion for summary judgment. Since the matter turns upon the interpretation to be applied to undisputed facts, this Court is free to substitute its analysis of the record for the analysis of the record by the trial court Goodyear Aircraft Corp. v. Arizona State Tax Com'n, 1 Ariz.App. 302, 402 P.2d 423 (1965), keeping in mind that in a motion for summary judgment the facts are viewed most strongly against the moving party. Lowery v. Universal Match Corporation, 6 Ariz.App. 98, 430 P.2d 444 (1967).

We are called upon to determine whether an agreement between plaintiff and the Duval Corporation for "Engineering Design and Procurement of Materials" for a copper mill located in Mohave County, Arizona, was a sales contract as the defendant Tax Commission contends, and therefore subject to the Transaction Privilege Tax, § 42–1309 and § 42–1312 A.R.S. and the Education Excise Tax, § 42–1361 A.R.S., or merely a purchasing agent contract as plaintiff contends, and therefore not subject to the said taxes.

On 18 March 1963 Parsons-Jurden Corporation executed in New York a contract with Duval Sulphur and Potash Company which provided that Parsons-Jurden Corporation would provide engineering procurement, accounting, and all other associated "home office services necessary" for the construction of a copper concentrator

and related facilities on the premises of Duval Sulphur and Potash Company at Mineral Park near Kingman, Mohave County, Arizona. Plaintiff, Parsons-Jurden, was a corporation qualified to do business in New York and Minnesota with its home office in New York City. Plaintiff did not manufacture or fabricate any material or equipment sold to Duval in Arizona. Plaintiff, at a cost of some $27,000, sent experts to Arizona to inspect the installation but other than that they had no office, plant, warehouse, dealer, or representative in Arizona. The contract provided for compensation of Parsons-Jurden Corporation on a cost-plus fixed-fee basis. The fixed fee was 1% of the estimated cost of the contract. The estimated price of the supplies and equipment furnished by Parsons-Jurden Corporation under the contract was included in the base on which the 1% fee was computed. The contract contained an advance payment provision and designated Parsons-Jurden Corporation as an independent contractor. Pertinent portions of the contract read as follows:

"(3.2) PROCUREMENT:

"CONTRACTOR shall procure such machinery, equipment, materials, and supplies including construction equipment and tools as OWNER shall direct (hereinafter referred to as 'Materials') ; shall expedite the delivery thereof, together with inspection at the points of manufacture and/or at the job site, and do other items of a procurement nature necessary for the project.

\*　　\*　　\*　　\*　　\*　　\*

"14. *Procurement*

"CONTRACTOR shall procure all materials, equipment and services by competitive bidding and make award to the lowest acceptable bidder, unless otherwise instructed by OWNER.

\*　　\*　　\*　　\*　　\*　　\*

"3. *Cash Advances*

"Prior to the twentieth day of each month, CONTRACTOR shall advise OWNER, with adequate supporting detail, as to the amount of money that CONTRACTOR expects to spend during the succeeding month on behalf of the AGREEMENT, whereupon OWNER shall promptly advance, within ten (10) days, such amount to CONTRACTOR."

During the period in question Parsons-Jurden spent some $9,256,193.22 of Duval's money. The audit by the Arizona State Tax Commission determined that $8,233,-162.99 of said amount represented taxable sales. Plaintiff, pursuant to § 42–1415 A.R.S., petitioned for "Hearing Correction or Redetermination" of the assessment. Hearing was held before the State Tax Commission at which time testimony of the Secretary and Treasurer of Parsons-Jurden was taken:

"Q In your operation under this contract did the Parsons-Jurden Company ever assert any ownership rights over the procured materials?

"A None whatsoever.

"Q Did you ever hold yourself out to third parties as an owner of—

"A (Interposing) No, we never buy material. We never own material. We never carry insurance on any of the material. Our sole purpose is to make sure the material meets the requirements of the job. We do not buy or sell material or represent any vendors."

Mr. Hopkins also testified:

"Q But your duties and responsibilities were those of an agent under the law.

"A We didn't buy any materials except with their direction. We were in fact their agent, used their money."

Mr. Transente [The Tax Commission Director]

"But this isn't spelled out in the contract, however."

The Witness:

"Not in those terms. I think if you will read the contract, we furnished procurement services. We never furnished any material. We pur-

chased with their direction. We didn't even purchase on our own initiative. We used their money. The title passed from them as soon as it went from the vendor. We were to carry no insurance. Everything is in there to describe an agency relationship without using the term."

After the hearing the State Tax Commission held that $6,914,928.15 represented taxable sales and found the tax to be $207,477.89 which plaintiff paid under protest. Plaintiff then filed a complaint, citing §§ 42–1339 and 12–901 et seq., A.R.S., in the Mohave County Superior Court to recover the taxes paid under protest.

 A reading of the record of the Commission and the affidavits filed in the Superior Court leads us to believe that the trial court was correct in determining that the relationship between Duval and Parsons-Jurden was one of principal and agent as to the purchase of certain items and that the services performed were not sales within the meaning of the Arizona statute. Our statute reads:

"A. The tax imposed by subsection A of § 42–1309 shall be levied and collected at an amount equal to two per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the business of selling any tangible personal property whatever at retail, * * *." § 42–1312, subsec. A, A.R.S.

And our courts have held that to be the subject of the Transaction Privilege Tax the "sale" must have taken place in Arizona. Goodyear Aircraft Corp. v. Arizona State Tax Com'n, supra. In the instant case the equipment sold to Duval was delivered F.O.B., Mineral Park, Arizona, and under the rationale in Goodyear, supra, there may well have been a sale in the State subject to the tax. The record does not support the contention of the Tax Commission that plaintiff made that sale or even that plaintiff was engaged in business in Arizona. Indeed, the contract, the testimony, and the exhibits before this Court indicate that by whatever name the parties called themselves, the plaintiff as to the procuring of equipment for the construction at Mineral Park, was no more and no less than a purchasing agent of the Duval Corporation:

"Agency is ultimately a question of the intention of the parties, as evidenced by their acts, and is not dependent upon what the particular person in question is called." Granite State Fire Ins. Co. v. Mitton, D.C., 98 F.Supp. 706, 709. See also Williston, Contracts, 3 Ed., Section 21.

Plaintiffs were, in addition, consultants on the design and engineering and possible architects, but they never owned the items they purchased for and on behalf of Duval and therefore made no "sale" within the meaning of our statute.

Judgment affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.