463 P.2d 543

**William C. ABNER et al., Appellants,**

**v.**

**ARIZONA NEWSPAPERS, INC.; Central Arizona Newspapers, Inc.; James M. Smith and Thane Read, Appellees.**

**No. 1 CA–CIV 797.**

Court of Appeals of Arizona, Division 1.

Department A.

Jan. 12, 1970.

Rehearing Denied Feb. 10, 1970.

Review Denied March 17, 1970.

**238**

Finn, Meadow & Thrasher, by Herbert B. Finn and Stephen T. Meadow, Phoenix, for appellants.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, for appellees James M. Smith and Central Arizona Newspapers, Inc.

Gorey & Ely by Herbert L. Ely, and Sherman R. Bendalin, Phoenix, for appellee, Thane Read.

CAMERON, Judge.

This is an appeal from a summary judgment in favor of the defendants Central Arizona Newspapers, Inc., James M. Smith, and Thane Read.

We are called upon to determine whether:

1. The affirmative defense of statute of frauds was available to the defendants on the motion for summary judgment and on appeal.

2. Under the facts in the instant case, was there a genuine issue of fact which would make the granting of the motion for summary judgment error.

Viewing the record in a light most favorable to the party or parties opposing the motion for summary judgment, Robbins Investment Co. v. Green Rose Associates, Inc., 8 Ariz.App. 596, 448 P.2d 440 (1969), and without weighing the conflicting evidence, In re Estate of Sherer, 10 Ariz. App. 31, 455 P.2d 480 (1969), the following facts are necessary for a determination of this matter on appeal.

During 1962 and 1963, the Arizona Journal, a daily newspaper, was published in Maricopa County by the defendant Arizona Newspapers, Inc. The newspaper fell upon difficult financial times and various efforts were made to keep the newspaper going. Central Arizona Newspapers, Inc., was formed to sell stock and operate the newspaper. The defendants James Smith and Thane Read, as directors of the new corporation, had some interest in seeing that the newspaper continued publication and was not taken over by a rival publisher.

During October and November of 1962 payroll checks issued to employees were not paid because of insufficient funds. Various meetings were held at which time the employees were urged to continue working for the Journal. The checks were not paid and plaintiff William C. Abner and over one hundred fellow-employees brought a suit against the defendants for unpaid wages as the result of their work for the Arizona Journal. The Phoenix Printing Pressmen and Assistants' Union No. 250 was also a plaintiff for amounts totaling approximately $5,000 which were allegedly deducted from the salaries of their members.

The answers of the defendants denied the amounts owing. Neither the complaints nor the answers were verified. Motions for summary judgment were made and these pleadings were supported by affidavits.

The affidavits on file read in part as follows. The affidavit of Thane Read in

support of his motion for summary judgment states as follows:

"At no time did he agree to become obligated for any of the debts or accounts of the plaintiffs listed in the complaint nor did he agree to repay any of said amounts to any of the plaintiffs."

The affidavit of James M. Smith in support of the motion for summary judgment of James Smith and Central Arizona Newspapers, Inc., states:

"That at no time did these defendants agree to become obligated for any of the debts or accounts of the plaintiffs listed in the complaint nor did they agree to repay any of said amounts to any of the plaintiffs."

The affidavits in opposition to the motion for summary judgment are to the contrary, the affidavit of Edward Lee stating that the defendants James Smith and Thane Read agreed to become obligated for the amount sued upon. The affidavit of Mr. Voigt in opposition to the motion for summary judgment is more extensive and reads in part as follows:

"During October and November of 1962, many payroll checks issued to employees of the Journal were not paid because of insufficient funds. Because of this situation, many meetings were held at which employees, union representatives and representatives of the management and owners of the Journal were present to discuss the payroll situation. At these meetings, affiant was present as a designated spokesman for the employees.

"One of the meetings was held in October or early November, 1962. Mr. Smith and Mr. Reed (sic) were told by affiant and Mr. Al Cheneval that the employees would not work any more unless the payroll was met and be continued to be met. In response to these remarks, Mr. Smith and Mr. Reed (sic) said that they would guarantee payment of all payroll checks issued up to that date of the meeting. This meeting was held at the Desert Hills Motel, 28th Street and Van Buren in Phoenix, Arizona.

\*  \*  \*  \*  \*  \*

"Another meeting was held in early December of 1962 in the conference room of the Arizona Journal. \* \* \*

"The only subject that was discussed at this meeting was the meeting of the payroll. Mr. Smith was told that the employees would not be willing to work in the future unless their payroll was assured both as to the previously issued checks, which had not been paid, and the future payroll.

"Jim Smith said 'I am the Journal. You are dealing with me and the payroll will be met.' From the context of all the remarks made at the meeting, it was understood by all present that Mr. Smith was guaranteeing payment of past and future payroll. Thane Reed (sic) then said that his commitment was only as to the payroll up to that time, but would not extend to the future."

The trial court granted the defendants' motion for summary judgment pursuant to Rule 56 of the Arizona Rules of Civil Procedure, 16 A.R.S. The judgment was granted against the plaintiffs and in favor of the defendants Thane Read, James Smith, and Central Arizona Newspapers, Inc. We are not concerned in this appeal with the claim against Arizona Newspapers, Inc.

## WAS THE STATUTE OF FRAUDS PROPERLY RAISED?

Although not specifically raised by the parties, this Court in reviewing the record noted an absence of a plea of the statute of frauds.

Rule 8(d) of the Rules of Civil Procedure reads as follows:

"8(d). Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, \* \* \* statute of frauds \* \* \* and any other matter constituting an avoidance or affirmative defense. \* \* \*."

Our statute of frauds reads in part, § 44-101:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*    \*    \*    \*    \*    \*

"2. To charge a person upon a promise to answer for the debt, default or miscarriage of another."

█ A party must plead and prove the statute of frauds for it to be available. Our Supreme Court has stated regarding affirmative defense:

"The motion to dismiss was based upon a plea of res judicata. 16 A.R.S. Rule 8(d) expressly includes the defense of res judicata as an affirmative defense. An affirmative defense must be plead *and* proved by the defendant. New York Life Insurance Co. v. Rogers, 9 Cir., 126 F.2d 784. The record shows appellees plead the alleged prior judgment (though not with specificity), but they must prove it was res judicata. Williams v. Hall, 30 Ariz. 581, 249 P. 755." Lakin Cattle Company v. Engelthaler, 101 Ariz. 282, 284, 419 P.2d 66, 68 (1966).

Admittedly the parties did argue the statute of frauds to the trial court in the motion for summary judgment, and the statements in the affidavits of Smith and Read quoted above might conceivably indicate a plea of the statute of frauds as far as the motion for summary judgment is concerned. But see Dawson v. McNaney, 71 Ariz. 79, 223 P.2d 907 (1950), where our Supreme Court stated that a mere reference to the statute of limitations is so indefinite and uncertain as to not properly raise the question.

█ However, assuming that these statements in the affidavits are sufficient to comply with Rule 8(d) and that this may be considered an affirmative plea of the statute of frauds, which we seriously doubt, we do not believe that the statute of frauds is available to the defendants on a motion for summary judgment where the answer has already been filed which answer fails to plead the statute of frauds. We agree with the text writers when they state:

"A defendant who believes that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law, may move for a summary judgment after serving his answer. However, even before interposing any defense he may move to dismiss the complaint for failure to state a claim upon which relief can be granted. This motion may under certain circumstances be treated as a motion for summary judgment. Since he may move for summary judgment at any time, the defendant may make such a motion before serving his answer, setting out his defense by means of supporting affidavits or other papers. Thus it has been held that the defenses of release or statute of frauds may be considered on a motion for summary judgment by defendant before answer. However, one case has held that the defense of estoppel should not be considered on defendant's motion for summary judgment if the facts concerning it did not appear in the complaint and estoppel had not yet been pleaded as a defense. If the defendant has served his answer he is subject to the provisions of Rule 12(h) concerning waiver of defenses and he cannot subsequently move for summary judgment on a defense not pleaded in his answer, except as provided by that rule." Barron & Holtzoff, Vol. 3, pages 204 and 205.

See also Mallamo v. Hartman, 70 Ariz. 420, 222 P.2d 797 (1950).

## WAS THERE A GENUINE ISSUE OF FACT?

In reviewing the granting of a summary judgment, the record will be viewed in a light most favorable to the party against whom the judgment was granted. Lowery v. Universal Match Corporation, 6 Ariz. App. 98, 430 P.2d 444 (1967).

We believe there is a sufficient and genuine issue as to the material facts (Rule 56(c), as amended, Rules of Civil Procedure) in the case in question and that summary judgment was therefore improperly granted. The affidavits clearly indicate that the question of the defendants' promises to the plaintiffs were at issue and vital to the determination of the lawsuit. These must be resolved before a judgment can be entered.

It was urged by the appellants that the facts indicated that this was an exception to the statute of frauds while the appellees urged that the statute did apply and therefore the trial court was correct in granting the motion for summary judgment. Nothing we say herein should be construed as an opinion as to whether the facts were sufficient to take this matter outside the operation of the statute of frauds had it been properly raised in the trial court.

Reversed and remanded for proceedings not inconsistent with this opinion.

DONOFRIO, P. J., and STEVENS, J., concur.