516 P.2d 61

Stanley N. CEIZYK and Helen M. Ceizyk, husband and wife, Appellants,

v.

GOAR SERVICE & SUPPLY, INC., Appellee.

No. 2 CA–CIV 1428.

Court of Appeals of Arizona,
Division 2.

Nov. 28, 1973.

**120**

Laber, Lovallo & Colarich, Ltd. by Paul W. Colarich, Jr., and Sidney F. Wolitzky, Tucson, for appellants.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

This is an appeal from a judgment in favor of appellee, Goar Service and Supply, Inc., and against appellants, Stanley N. Ceizyk and Helen M. Ceizyk, husband and wife, in the sum of $15,000.

The case was tried to the court, sitting without a jury. The facts, construed in favor of appellee, are as follows. Appellants owned as joint tenants with right of survivorship an 80-acre parcel of real property located in Pima County, Arizona. In late 1970, they expressed their interest to a Phoenix real estate broker, Mr. Brad Watts, in disposing of this 80-acre parcel. Watts contacted appellee's president, William Goar, who made an offer to purchase the 80 acres. Following some negotiations, it was orally agreed that appellee would purchase 60 acres at $1,000 per acre with a 29 percent down payment and the remainder to be paid over a two or three year period at an interest rate of seven percent.

On December 4, 1970, Watts took an escrow agreement prepared by Transamerica Title Company to Goar who signed the document and gave him a $5,000 earnest money deposit. Watts then went to appellants' office to obtain their signatures. Mrs. Ceizyk was unavailable to sign due to a business appointment. However, Mr.

Ceizyk signed for himself and also signed his wife's name "by" him indicating that he could and would sign for his wife. The escrow agreement described the east 60 acres of the 80-acre parcel and recited a release price of "$100.00" per acre.

At the December 4th meeting, Mr. Ceizyk did not indicate that the legal description or the release price per acre were incorrect. Mrs. Ceizyk became aware of the alleged incorrect legal description on December 5, 1970, but she never advised Goar that there was any question concerning what property was being conveyed. Mrs. Ceizyk, on December 4, knew that her husband had signed for her, but never advised Watts, Goar or Transamerica that her husband had no such authority.

According to the escrow agreement, closing was set for December 15, 1970. In a letter to Goar dated December 9, 1970, Terence Mitchell, the escrow officer at Transamerica Title Company, enclosed the original agreement for sale, the collection instructions, and the escrow closing statement. The letter requested Goar to sign and return the documents along with his $10,104.74 closing check. Goar signed the documents and they were returned to the title company by his attorney on December 15, 1970. However, the $10,104.74 closing check was not sent. Instead, Goar made out a check for that amount and told a lady in his office that the check was in his desk drawer and available when Mr. Watts wanted the money.

After December 15, 1970, Goar and the Ceizyks continued negotiations for the sale of the realty. During this period the Ceizyks began receiving other offers on the property, and in the fall of 1971 they sold the property to another party. After the sale Goar, on December 3, 1971, tendered the $10,104.74 check to the title company. Subsequently, the title company sent him a check for $15,104.74—return of the earnest money deposit and closing check. This action for specific performance followed. From a judgment against appellants in the sum of $15,000, they appeal. They present various grounds for reversal but we deem it unnecessary to discuss all of them in view of our conclusion that reversal is required.

Appellants contend that the statute of frauds barred the action against Mrs. Ceizyk since she did not sign the escrow instructions. Appellee maintains that the trial court could reasonably have found her to be estopped from raising such a defense. A.R.S. § 44–101 provides in part:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*　　\*　　\*　　\*　　\*　　\*

6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement; if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged."

██ An estoppel may be raised to defeat the defense of the statute of frauds. *See,* Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949); and Hall v. Weatherford, 32 Ariz. 370, 259 P. 282 (1927). However, there must be conduct by one sought to be estopped which induces another to change his position to his detriment in reliance thereon. Myers v. Rollette, 103 Ariz. 225, 439 P.2d 497 (1968). In the instant case, we find no facts to support an estoppel.

██ The record discloses that Mrs. Ceizyk had knowledge of her husband signing the escrow agreement and that she made no attempt to inform Goar or Watts that her husband had no authority to sign for her. This, however, did not induce Goar to change his position to his detriment. He signed the agreement and deposited his $5,000 earnest money prior to Mr. Ceizyk's signing. When Mr. Ceizyk

represented that he could and would sign for his wife, it was to Watts—not to Goar, and occurred after Goar had signed and paid the earnest money. Furthermore, Goar never tendered the $10,104.74 check in reliance upon Mrs. Ceizyk's conduct. In fact, the check remained in his desk drawer for almost a year, thereby allowing him complete access to control and use of the funds. We therefore find that Mrs. Ceizyk was not estopped to raise the statute of frauds. We find no merit to appellee's argument that Mrs. Ceizyk's acquiescence constituted a ratification. A.R.S. § 44-101(6) requires the authority of an agent to sell realty to be in writing. Since her husband's authority would have to be in writing, Mrs. Ceizyk's ratification would also have to be in writing. *See,* Restatement of Agency 2d § 93(2).

■ Assuming arguendo that the escrow agreement was a valid enforceable contract binding upon Mr. Ceizyk as to his interest in the subject property, we agree that appellee's failure to perform excused Mr. Ceizyk's non-performance since Goar did not tender the $10,104.74 closing check. He maintains, however, that he was ready, willing and able to perform and that actual tender was not required since it would have been futile. This contention is based on the testimony of Watts that prior to closing the Ceizyks made it clear that they did not *want* to sign some of the closing documents.

■ In Arizona an actual tender is unnecessary where it is clear that the other party will not accept it, rendering the act useless, and in such a case it is sufficient that a buyer be ready, willing and offer to perform. Kammert Bros. Enterprises, Inc. v. Tanque Verde Plaza Co., 102 Ariz. 301, 428 P.2d 678 (1967). It is also generally true that where time of performance of an agreement for the sale of realty is not made the essence of the contract, a failure to specify the time of performance will not necessarily defeat specific performance, since it will be implied that performance may be required within a reasonable time. Suttle v. Seely, 94 Ariz. 161, 382 P.2d 570 (1963).

We do not believe that actual tender in the instant case would have been futile rendering it a useless act. In *Kammert,* supra, there was a positive anticipatory repudiation of the contract by the seller resulting in a material breach of the contract. Such is not the case here. The only indication by the Ceizyks that they would not perform is the testimony of Watts that they did not *want* to sign some closing documents. There was no positive refusal to perform by the Ceizyks. In fact, the record does not show Goar's knowledge of the Ceizyks' unwillingness to sign. There is insufficient evidence to find actual tender a futile act thereby relieving Goar of such requirement.

Since the escrow agreement did not make time of the essence, performance was required within a reasonable time. On December 9, 1970, the escrow officer requested that Goar tender the closing check. Instead, Goar placed the check in his desk drawer where it remained for almost a year. Finally, on December 3, 1971, almost a year later, Goar formally tendered the check. Such a delay is unreasonable and operates to defeat appellee's claim against Mr. Ceizyk.

For the foregoing reasons, the judgment is reversed and the cause remanded with directions to enter judgment in favor of appellants on appellee's complaint.

HATHAWAY, C. J., and HOWARD, J., concur.