612 P.2d 63

**Joe G. KELLEJIAN and Jerry H. Tashjian, d/b/a Para Enterprises, a partnership, Plaintiffs/Appellees/Cross Appellants,**

**v.**

**James E. KESICKI and Wanda G. Kesicki, husband and wife, Defendants/Appellants/Cross Appellees.**

**No. 2 CA–CIV 3468.**

Court of Appeals of Arizona, Division 2.

April 14, 1980.

Rehearing Denied May 7, 1980.

Review Denied May 28, 1980.

Murphy & Hazlett by Howard T. Roberts, Jr., Tucson, for plaintiffs/appellees/cross appellants.

Russo, Cox, Dickerson, Cartin & Sylvester, P. C. by Thomas G. Cox and Karl MacOmber, Tucson, for defendants/appellants/cross appellees.

## OPINION

RICHMOND, Judge.

Defendants James E. Kesicki and Wanda G. Kesicki, husband and wife, appeal from a summary judgment ordering specific performance of a lease-option agreement and deposit receipt and agreement for the sale of real property in Tucson. By cross-appeal, plaintiffs challenge the portion of the judgment denying them attorney's fees.

The property involved is a former service station owned by the Kesickis in joint tenancy. James Kesicki as "landlord" and plaintiffs Joe G. Kellejian and Jerry H. Tashjian, doing business as Para Enterprises, a partnership, as "tenant" executed a lease of the property dated February 15, 1977, for a one-year term commencing April 1, 1977. They also executed an addendum to the lease providing for monthly payment by the tenant of $100 as "non-refundable option money" in addition to the monthly rent of $400. The option money was to be applied to the down payment if the tenant exercised an option to purchase the property by written notice to the landlord during the first 11 months of the lease. In addition James Kesicki and the plaintiffs executed a deposit receipt and agreement including a purchase price of $53,000 with a down payment of $10,000 and a closing date of March 31, 1978. Kesicki signed the lease and the deposit receipt and agreement above the words "James E. Kesicki, a married man acting as agent for wife." He signed the addendum to the lease above the word "LANDLORD."

In early February 1978 plaintiffs notified Kesicki of their intention to exercise the option to purchase. The Kesickis refused to proceed with the sale. This action for special performance was commenced on May 25, 1978, and the Kesickis were served on May 31. Copies of the agreements were attached as exhibits to the complaint.

Wanda Kesicki's deposition was taken on September 27, 1978. She testified she knew her husband had rented the property but first learned about an agreement for its sale in late 1977 or early 1978. She told her husband the price was too low but said nothing to him about not accepting the monthly payments. The payments were deposited in the Kesickis' joint checking account from which they paid their household and other living expenses.

■ The Kesickis' first argument on appeal is that A.R.S. § 33–454 provides the sole means of creating an inter-spousal agency. We disagree. *See State Farm Mutual Automobile Insurance Co. v. Long*, 16 Ariz.App. 222, 492 P.2d 718 (1972).

■ Next they argue that one co-tenant cannot bind the other as to their joint tenancy property without the latter's express written authorization. Nevertheless, they admit James Kesicki's authority to enter into a binding one-year lease, and they concede that an unauthorized act later ratified can bind the other co-tenant.

■ Finally they argue the statute of frauds, A.R.S. § 44–101(6), requiring that the authority of an agent to sell realty must be in writing. They did not plead the statute and may not now avail themselves of that defense. *Abner v. Arizona Newspapers, Inc.*, 11 Ariz.App. 237, 463 P.2d 543 (1970). Their failure to plead and prove the statute is fatal as well to their argument that any ratification by Wanda would have to be in writing. *See Ceizyk v. Goar Service & Supply, Inc.*, 21 Ariz.App. 119, 516 P.2d 61 (1973).

■ We concur with the trial court's decision on the pleadings, depositions, and affidavits before it. By continuing to accept

the option payments after she had been told of the agreement to sell the property and after she had been served with a copy of the agreements attached to the complaint, Wanda ratified her husband's act in entering into the agreements on their joint behalf. *See Phoenix Western Holding Corp. v. Gleeson*, 18 Ariz.App. 60, 500 P.2d 320 (1972).

■ As for the cross-appeal, the lease expressly provides that if either party brings an action to enforce its terms the prevailing party, on trial or appeal, shall be entitled to a reasonable attorney's fee as fixed by the court. The provision governs the purchase option addendum which plaintiffs seek to enforce. The trial court had no discretion to do other than fix a reasonable fee to be paid by defendants to plaintiffs as the prevailing party.

The judgment is affirmed, except for the denial of plaintiffs' request for attorney's fees, and the case remanded for determination by the trial court of a reasonable fee.

HATHAWAY, C. J., and HOWARD, J., concur.