No. 80-7

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

ELIZABETH FULLER CHADWICK,

Plaintiff and Respondent,

-vs-

CHARLES HOWARD GIBERSON AND
LURA B. GIBERSON, husband and wife,

Defendants and Appellants.

Appeal from: District Court of The Eleventh Judicial District,
In and for the County of Flathead, The Honorable
Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Murphy, Robinson, Heckathorn & Phillips,
Kalispell, Montana
Warden, Christiansen & Johnson, Kalispell,
Montana

For Respondent:

Robert Skelton, Missoula, Montana

Submitted on Briefs: August 13, 1980

Decided: October 8, 1980

Filed: OCT 8 - 1980

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal arises from a judgment entered by the Honorable Robert C. Sykes, Flathead County District Court, granting plaintiff specific performance and ordering defendants to convey by contract for deed a parcel of land located in Flathead County.

Defendants Charles and Lura Belle Giberson listed for sale with Douglas Johns Real Estate of Kalispell, Montana, four forty-acre tracts in Flathead County (Parcels A, B, C, and D). In August 1976, plaintiff Elizabeth Chadwick viewed the property in the presence of F. E. McHenry, an agent of Douglas Johns Real Estate. In viewing the property, the two parties discussed access to the various parcels. In particular, McHenry testified that he informed Chadwick that there would be a need to provide access to Parcel B. At the time of the showing, however, a survey showing the exact location and dimensions of any proposed access was not available. As a result of the August viewing, Chadwick submitted an offer to purchase all four tracts. The Gibersons counteroffered, but plaintiff was unable to accept, and the earnest money paid was returned.

On September 25, 1976, Chadwick made an offer to purchase only Parcel A. An earnest money receipt and agreement to sell and purchase was prepared by McHenry on that date, which was signed by plaintiff and then sent to the Gibersons for their signatures. Earnest money in the amount of $1,000 was paid by Chadwick. Defendants signed the agreement and returned it to defendants' other real estate agent, Douglas Johns, who on October 1, 1976, added the special provisions: "Seller will provide legal access from the south to this property."

On October 18, 1976, Mr. Johns mailed to Chadwick her copy of the earnest money receipt and enclosed a copy of the preliminary title report issued on October 5, 1976. The report disclosed that the only easement of record at the time the parties signed the September 25 agreement was one recorded on July 26, 1967, which reserved for defendants' predecessor, Vernon and Marva Schmid, a right of way for ingress and egress across Parcel A (the Schmid easement).

Subsequent to receiving the title insurance report, however, Chadwick was forwarded a copy of the certificate of survey for Parcel A. The certificate showed a sixty-foot roadway easement along an existing logging road and running north-south just west of the eastern boundary of Parcel A. It narrowed to thirty feet near its northern terminal and provided access to Parcel B. A thirty-foot roadway easement was also shown across the southeast corner of Parcel A into Parcel B.

Chadwick objected to the easements shown on the survey--particularly to the length and location of the north-south easement to Parcel B. As a result of this objection, a revised certificate of survey was prepared eliminating the long north-south easement but increasing the width of the short easement across the southeast corner of Parcel A from thirty to sixty feet.

On December 15, 1976, Chadwick received a proposed contract for deed for the purchase and sale of Parcel A. The contract not only reserved the Schmid easement, but also contained a reservation unto defendants, their heirs and assigns, of the sixty-foot roadway and utility easement across the southeast corner of the parcel. Chadwick would not sign the contract or tender the balance of the down-

payment in that she continued to object to the sixty-foot easement which was not provided for in the September 25, 1976, earnest money receipt and agreement to sell and purchase.

Chadwick brought suit on February 14, 1977, for specific performance of the September 25 agreement to sell and purchase, alleging that at the time the parties entered into the agreement, the only easement of record was the Schmid easement. She also filed on this date a lis pendens in regard to Parcel A, thereby giving notice of her claim to said parcel.

Defendants answered and counterclaimed, alleging that plaintiff was fully advised of the sixty-foot easement and that it would be reserved to provide access to an adjoining parcel of land.

On February 15, 1977, defendants filed with the Flathead County clerk and recorder a notice of purchasers' interest wherein notice was given that defendants granted to Vester and Theila Banta Parcel B, as well as an interest in the sixty-foot roadway and utility easement through Parcel A. The contract for deed between defendants and the Bantas was dated January 14, 1977.

Defendants forwarded to plaintiff on March 2, 1977, a notice demanding that plaintiff execute the contract of sale or forfeit the earnest money previously paid. Plaintiff refused to perform or offer to perform as demanded in the notice.

Trial on plaintiff's claim was held on August 7, 1979, after which the District Court found for plaintiff and granted specific performance. Defendants have appealed.

The first issue raised on appeal is whether the District Court erred in concluding there was an enforceable agreement between the parties.

-4-

From the filing of plaintiff's complaint and defendants' answer and counterclaim to eventual trial, both parties have contended that the September 25, 1976 agreement to sell and purchase was valid and enforceable as against the other. The issue in the proceeding was not the validity of the contract, but whether it embraced certain alleged easements.

Defendants now argue on appeal that although the parties executed the same agreement, they never agreed on the same terms concerning the reservation of an access road across Parcel A; thus, no contract was created.

It is a well-established rule that there must be mutual assent or a meeting of the minds on all essential elements or terms to form a binding contract. See Johnson v. Smith (1954), 127 Mont. 594, 289 P.2d 384; 17 Am.Jur.2d Contracts, §18 at 354. However, it is also a well-settled rule of law that alleged error as to issues not raised in the trial court will not be considered on appeal. State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129; Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822.

Here, defendants have failed to allege at the District Court level, as evidenced by the pleadings and pretrial order, that there was any lack of mutual consent, and thus, no enforceable contract. With this being the case, defendants' argument as to lack of mutual consent will not be considered on this appeal.

The final issue raised on appeal is whether the District Court erred in granting specific performance of the September 25, 1976 agreement to sell and purchase.

Defendants contend that the agreement is not specific enough in its terms to warrant specific performance as prayed. In support of their position, defendants argue that the easement across Parcel A, for use as access to Parcel B, was an essential element of the agreement, and since the agreement as to easements was not complete or specific, the contract is not specifically enforceable.

In rejecting defendants' argument, we need only note that it was defendants' real estate agent who prepared the agreement. Had defendants wished to include this alleged "essential" element dealing with a reservation of the proposed access across Parcel A, they could very easily have done so. Defendants should not now be able to rely upon their failure in this regard in concluding the agreement is not specifically enforceable.

Defendants also contend that since plaintiff did not perform pursuant to the sell and purchase agreement, in that she failed to tender the balance of the downpayment owing, plaintiff is not entitled to the relief of specific performance. In support of this contention, defendants cite Seifert v. Seifert (1977), 173 Mont. 501, 568 P.2d 155, and McDonald v. Stewart (1953), 127 Mont. 188, 259 P.2d 799, for the general proposition that unless performance is waived or excused, a plaintiff seeking to enforce a contract must perform his obligation thereunder, and any willful violation of an essential covenant of the contract is a defense to specific performance of the contract. See also 81 C.J.S. Specific Performance, §109 at 958. Defendants then conclude the purchase price and its payment are essential covenants to a contract, and since plaintiff failed to tender per-

-6-

formance of this covenant, her action for specific performance cannot be enforced.

We agree with defendants' general statement of the law as set forth in the above cases; however, we conclude that plaintiff's failure to tender performance should be excused in this instance.

Prior to the suit being brought by plaintiff, defendants conveyed to a third party an interest in the sixty-foot roadway and utility easement at issue, thereby indicating to plaintiff their refusal, and inability, to sell to her Parcel A absent said easement. Under these circumstances, when by reason of encumbrances placed on the title, defendants are unable to convey such title as the plaintiff contracted for, to require a tender of the purchase price would be useless and idle ceremony, and it is therefore excused. See Ceizyk v. Goar Service and Supply, Inc. (1973), 21 Ariz.App. 119, 516 P.2d 61; Leche v. Stout (Okla. 1972), 514 P.2d 1399; Greenstone v. Claretian Theological Seminary, Claretville (1959), 173 C.A.2d 21, 343 P.2d 161; 81 C.J.S. Specific Performance, §112 at 965.

Plaintiff, by way of her pleadings, stood ready, willing and able to pay the purchase price under the specific terms of the parties' agreement to purchase and sell. Under the facts of this case, her failure to tender the purchase price will not preclude her the equitable relief of specific performance.

Nor do we find merit with defendants' contention that specific performance in this instance results in an unconscionable advantage to plaintiff. Plaintiff is merely receiving, under the terms of the parties' initial agreement to purchase and sell, that portion of the property defendants

are now able to convey. The fact that defendants are only able to convey the very same title, including the encumbrance of the sixty-foot roadway easement which plaintiff refused in the first instance, has no effect upon the outcome of this matter.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices