No.   90-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

PAYNE REALTY AND HOUSING, INC,
                    Plaintiff,

    -v-

FIRST SECURITY BANK OF LIVINGSTON,
A Montana Corporation,
            Defendant and Respondent,
    and

HARRY JOE BROWN, JR.,
            Defendant and Appellant.



FILED

MAR -4 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable Byron Robb, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Carl A. Hatch; Small, Hatch, Doubek & Pyfer; Helena,
            Montana

        For Respondent:

            John T. Jones; Moulton, Bellingham, Longo & Mather;
            Billings, Montana


                            Submitted on Briefs:  January 17, 1991

                                        Decided:  March 4, 1991

Filed:

_____
                    Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Montana Sixth Judicial District Court, Park County involving a real estate transaction. Harry Joe Brown (Buyer) appeals the order of the District Court granting summary judgment to First Security Bank of Livingston (Bank) and ordering that the Buyer forfeit $50,000.00 in earnest money deposited with Payne Realty (Realtor) on the grounds that the Buyer breached a buy-sell agreement. We reverse and remand for further proceedings.

The Buyer raises the following issues on appeal:

(1) Did the District Court err in granting summary judgment to the Bank and ordering a forfeiture of Buyer's earnest money to the Bank and dismissing all other claims raised by the pleadings?

(2) Did the District Court err in awarding the Bank its attorney fees and costs as prevailing party?

In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the party opposing the motion, the Buyer in this case. See Lorash v. Epstein (1989), 236 Mont. 21, 24, 767 P.2d 1335, 1337; Cerek v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. The evidence indicates that after reviewing some properties listed with Payne Realty (the Realtor), the Buyer became interested in some real estate known as the Riverside Ranch, located in the Paradise Valley about 15 miles south of Livingston. The Buyer arranged with the owner of Riverside Ranch, First Security Bank of Livingston (the Bank), to view the property. While touring the property, the Buyer

2

was told of another piece of property, the Elkhorn Ridge Ranch, located about 32 miles northeast of Bozeman, which the Bank also had for sale. Buyer later viewed a videotape of this property at the Bank.

The Bank and Buyer entered into a buy/sell agreement for the Riverside Ranch on August 29, 1988. Buyer deposited $50,000.00 in earnest money with the Realtor. The agreement provided that the Bank would provide financing for the Buyer. It also provided the Buyer with an option to the buy the Elkhorn Ridge Ranch. The Bank's sole remedy for breach of the agreement by the Buyer was forfeiture of the earnest money. Finally, the agreement provided for a closing date on the sale on October 1, 1988.

At the closing date on October 1, the Buyer allegedly informed the Bank that he was "disenchanted" with the sale. A one-day extension of the closing date was requested by Buyer and granted by the Bank so that the Buyer's counsel could review the closing documents, including a mortgage proposed by the Bank. A second one-week extension was also granted so that the Buyer could have Montana counsel review the documents. Meanwhile, on October 4, 1988, the Bank provided Buyer with a title commitment. Twenty days after the last extension of the closing date, the Buyer's attorney requested the return of the earnest money and listed objections to the Bank-furnished mortgage documents. The Realtor eventually filed this interpleader action to obtain a court ruling concerning disposition of the earnest money.

After discovery, the Bank and Buyer stipulated to the

Realtor's dismissal from the suit and the realignment of the parties with Buyer as plaintiff and Bank as defendant. The Bank filed a motion for summary judgment requesting forfeiture of the earnest money which the court granted in Bank's favor on May 23, 1989. The court also awarded the Bank its costs and attorney fees. The Buyer now appeals.

We begin our review by setting forth the standard for summary judgment. Summary judgment is proper only if the record discloses no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Reaves v. Reinbold (1980), 189 Mont. 284, 287, 615 P.2d 896, 898. While it is true that the purpose of summary judgment is to encourage judicial economy, it is also true that the procedure is never to be a substitute for trial if a material factual controversy exists. Reaves, 615 P.2d at 898.

The Buyer contends that the terms of the mortgage offered by the Bank are onerous and excuse him from completing the sale as set forth in the buy/sell. He alleges that there are genuine issues of material fact regarding whether the terms of the mortgage were agreed upon between the parties.

We agree with the Buyer's contention that the terms of the mortgage are questionable. As such, it is unlikely that there was mutual assent or a "meeting of the minds" necessary to form a binding contract for the sale of Riverside Ranch. See Chadwick v. Giberson (1980), 190 Mont. 88, 92, 618 P.2d 1213, 1215. In this regard, Buyer's argument that he was denied his right to exercise

4

his option to purchase Elkhorn Ridge rather than Riverside Ranch is immaterial. Regardless of whether exercising this option was contingent upon first purchasing Riverside Ranch, the option provides that its terms are the same as those for the Riverside Ranch purchase, and if there was no "meeting of the minds" as to the first transaction, there was likewise no agreement on the option.

The court's principal ground for granting the motion was that the parties entered an "ordinary, complete and unambiguous buy/sell agreement" which the Buyer was now seeking to avoid. The District Court also correctly concluded that "the contract specifically obligated the Bank to finance the purchase upon certain terms if Brown wished to finance it there. . . ." Those terms provided as follows:

> First Security Bank to carry a note mortgage over 10 years, interest rate to be prime rate plus -0- with a cap rate of 12%, no cap on floor, & no points. Buyer to pay monthly payments. Prime Rate is fixed by City Bank of New York.
> Said mortgages are assumable on sale of all, or if in part, pro rata on acreage basis.

At closing, however, the Bank presented the Buyer with a mortgage containing terms different then those set forth in the buy/sell. Specifically, the mortgage contained a "due on sale" clause making the entire balance due upon sale of the property. This effectively precludes the mortgage from being assumable, as required by the buy/sell agreement.

Other alleged onerous terms include: (1) the mortgage provided that the Buyer's death would be a default, (2) the mortgage allows

5

the Bank to declare a default whenever it deems itself insecure, and (3) the mortgage grants a security interest in all personal property attached to the premises even though no personal property was to be sold by the Bank to Mr. Brown. Furthermore, the financing terms provided in the buy/sell are silent regarding amortization of the payments or equal principal payments on the loan. Thus, there is at least a question of material fact regarding the intent of the parties in the calculation of interest payments.

In reversing the court's order, we note that the Buyer did not file a cross motion for summary judgment in this case. The interpretation of the buy/sell agreement involves questions of law; upon resolving these questions we conclude that the Bank was not entitled to summary judgment as a matter of law. However, we will not enter summary judgment in favor of the Buyer in addition to reversing this case due to the sparse record before us. Generally, no formal cross-motion is necessary at the district court level for the court to enter judgment for the non-moving party if the law so entitles it. However, the court must be careful that the original movant had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact and the other party is entitled to judgment as a matter of law. Hereford v. Hereford (1979), 183 Mont. 104, 107-08, 598 P.2d 600, 602; 6 Moore's Federal Practice, § 56.12, pp. 56-331 and 56-334. Accordingly we reverse and remand this case for further proceedings.

In light of our holding above, we need not address the second

issue concerning attorney fees and costs raised by the buyer on this appeal. The order of the District Court is

REVERSED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices