No. 86-163

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IDA J. KAHLE,

        Plaintiff and Appellant,

-vs-

IDELLA SMITHERS, Treasurer of Flathead
County; and LEE McDONALD,

        Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Oleson Law Firm; H. James Oleson, Kalispell, Montana

    For Respondent:

        Ted O. Lympus, County Attorney, Kalispell, Montana
        Jonathan B. Smith, Deputy County Attorney, Kalispell
        Hash, Jellison, O'Brien & Bartlett; James C. Bartlett,
        Kalispell, Montana

Submitted on Briefs: Oct. 10, 1986

Decided: March 4, 1987

Filed: MAR 4 - 1987

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Treasurer of Flathead County issued a tax deed to Lee McDonald for land owned by Ida Kahle. Ida Kahle then brought an independent action seeking to void the tax deed. The District Court for the Eleventh Judicial District granted the summary judgment motion of Lee McDonald which in effect upheld the validity of the issued tax deed. We reverse.

The determinative issue is whether the District Court erred in granting the summary judgment motion of Lee McDonald.

Ida Kahle became the owner of the property in dispute in 1954. The Flathead County Treasurer (Treasurer) advertised the property for sale because of delinquent 1979 taxes. In 1980 the property was struck off to Flathead County for $190.46. In 1982 Lee McDonald paid a total of $1,123.71 covering delinquent taxes, penalties, costs, and interest through 1981 and obtained an Assignment of Tax Sale Certificate. He continued to pay taxes on the property. The property was not redeemed by Ida Kahle.

In 1983, Mr. McDonald brought an action to procure a tax deed in the District Court under §§ 15-18-301 to 309, MCA. Service was made by publication of summons. Ida Kahle did not appear in the action. On August 31, 1983, a default judgment was entered which resulted in the issuance of a tax deed by the county treasurer to Mr. McDonald.

On February 24, 1985, Ida Kahle brought a separate action in the District Court seeking to collaterally attack the judgment entered August 31, 1983. Ida Kahle and Lee McDonald filed cross-motions for summary judgment. The District Court held that the case was barred by the doctrine of res judicata as a result of the judgment of August 31,

1983. Summary judgment was entered in favor of Lee McDonald and Ida Kahle appealed.

Did the District Court err in granting the summary judgment motion of Lee McDonald?

After receiving his Assignment of Tax Sale Certificate, Mr. McDonald chose to procure a tax deed by a District Court proceeding under §§ 15-18-301 to 309, MCA. In that action, the District Court ordered the Flathead County Treasurer to issue a deed of conveyance to Mr. McDonald. Mrs. Kahle did not appear in that proceeding.

Ida Kahle contends that the tax deed judgment should be rendered invalid for two reasons. First, Mrs. Kahle argues that the Flathead County Treasurer was negligent in performing her record keeping duties and this negligent record keeping caused insufficient service of process on her. Second, Mrs. Kahle argues the notice requirements of § 15-18-304, MCA, and Rule 4D, M.R.Civ.P., were not complied with and thus the tax deed issued by the county treasurer was void.

In her first argument, Mrs. Kahle relies on §§ 7-6-2111(2)(a) and 7-6-2116, MCA, and concludes that the Treasurer's duties were not "honestly, diligently and correctly performed." We can find nothing in the record that supports these allegations. Mrs. Kahle also states that the "[t]reasurer failed to keep a triplicate copy of the tax receipt document in her office as required by § 7-6-2116, MCA." Although § 7-6-2116, MCA, does require the county treasurer to retain a triplicate copy of a receipt in the office, we conclude that nothing in the record shows that the Flathead County Treasurer was negligent in retaining the triplicate copy or in performing her record keeping duties. Therefore, this argument fails.

Mrs. Kahle argues that she was never notified of the pending action for procurement of the tax deed and as a result the tax deed itself was void. We conclude that Rule 4D(5), M.R.Civ.P., is controlling on the question of service of process upon Ida Kahle. Rule 4D(5)(e), M.R.Civ.P., provides:

> Mailing summons and complaint. A copy of the summons for publication and complaint, at any time after the filing of the affidavit for publication and not later than 10 days after the first publication of the summons, shall be deposited in some post office in this state, postage prepaid, and directed to the defendant at his place of residence unless the affidavit for publication states that the residence of the defendant is unknown. (Emphasis added.)

The affidavit for publication of summons submitted by Mr. McDonald's attorney stated in pertinent part:

> 3. That a return of the Summons, on file with the Clerk of the District Court of said Judicial District in and for the County of Flathead, shows a failure to find the Defendant, Ida J. Kahle, a/k/a Ida J. Stodgell, in the State of Montana;
> 4. That the Defendant, Ida J. Kahle, a/k/a Ida J. Stodgell, cannot, after due diligence, be found within the State of Montana; (Emphasis added.)

In substance the affidavit states that the defendant cannot be found within the State of Montana. That does not satisfy the Rule 4D(5)(e), M.R.Civ.P., requirement that the affidavit state that the residence of the defendant is unknown. An affidavit statement that the defendant cannot, after due diligence, be found within the State of Montana is not the equivalent of stating that the residence of the defendant is unknown. The key fact required in the affidavit for publication of summons is that the residence of the defendant is unknown. That fact is not contained in the present affidavit

4

for publication. Here the affiant could have known the address of defendant Kahle was outside the State of Montana and nevertheless completed the affidavit.

We do not find any Montana cases which are controlling. However, we conclude that the plain wording of Rule 4D(5)(e), M.R.Civ.P., requires that the affidavit for publication of summons state that the residence of the defendant is unknown. Because the affidavit for publication failed to make that statement or an equivalent statement, we conclude that the affidavit was insufficient. We therefore hold that the service of process upon Ida Kahle was insufficient to obtain jurisdiction over her. This conclusion is consistent with the cases in Montana which have held that tax redemption statutes must be liberally construed in favor of the redemptioner and the exercise of her rights of redemption. See Lowery v. Garfield County (1949), 122 Mont. 571, 581, 208 P.2d 478, 484.

Because of the insufficiency of the service of process upon Ida Kahle in the action to procure the tax deed, we further conclude that Ida Kahle could collaterally attack the judgment of August 31, 1983, in the present proceedings. That conclusion is mandated by Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 501, 605 P.2d 1107, 1110, in which we stated:

> While it is a general rule that a judgment cannot be attacked in a collateral action such attack is permissible if the first judgment is void for lack of jurisdiction. (Cite omitted.) It is axiomatic that if service of process on a party is improperly made, the court acquires no jurisdiction over that party, (cite omitted) and it may collaterally attack the judgment.

Mrs. Kahle requested costs and attorney fees in accordance with § 15-18-306, MCA. This is the code section

5

providing for costs and attorney fees in proceedings to procure a tax deed. That is not the nature of the present proceeding. Mrs. Kahle here has brought an action to collaterally attack a judgment rather than a proceeding to procure a tax deed. We hold that Mrs. Kahle is not entitled to recover costs or attorney fees under § 15-18-306, MCA.

We reverse the summary judgment order of the District Court and remand for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices