No.  95-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


JANICE BOWEN, TREASURER,
GRANITE COUNTY, MONTANA,

      Plaintiff and Respondent,

  v.

LEE McDONALD,

      Defendant and Respondent,

  and

B. DALE FAYRAM,

      Defendant and Appellant.

FILED

APR 16 1996

*[signature]* Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
                 In and for the County of Granite,
                 The Honorable Ted. L. Mizner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            James A. Rice, Jr.; Jackson & Rice, Helena,
            Montana

      For Respondent:

            Nancy K. Moe, Attorney at Law, Missoula, Montana

            Byron W. Boggs, Attorney at Law, Missoula, Montana


                  Submitted on Briefs:  March 14, 1996

                            Decided:  April 16, 1996

Filed:

                          _____
                               Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

B. Dale Fayram (Fayram) appeals from the judgment entered by the Third Judicial District Court, Granite County, on its order granting Lee McDonald's (McDonald) motion for summary judgment and denying Fayram's motion to amend his answer to add a cross-claim against McDonald. We affirm.

Fayram raises the following issues on appeal:

1. Did the District Court err in granting McDonald's motion for summary judgment on the basis that Fayram had no right to redeem the mining properties?

2. Did the District Court abuse its discretion in denying Fayram's motion to amend his pleadings?

This case involves two parcels of land, known as the Iron Clad Lode # 1982 and the Non Pariel Lode # 2763, located in Granite County, Montana (mining properties). In 1982, Ripple Resources, Inc., a Colorado corporation, became the record owner of the mining properties when it acquired them by quitclaim deed from Boulder Creek, Inc. Ripple Resources, Inc. was a subsidiary of Ripple Resources, Ltd., a Canadian corporation.

The taxes on the mining properties were not paid for the years 1986 and 1987. In December of 1989, McDonald paid the delinquent taxes, penalties, costs and interest and Granite County assigned its tax sale certificate for the mining properties to him.

In May of 1991, McDonald published notice of the pending issuance of a tax deed to the mining properties in the local newspaper; the notice listed Ripple Resources, Inc. as the sole

2

interested party. Approximately two months later, Fayram submitted a sworn affidavit to Janice Bowen (Bowen), the Granite County Treasurer, stating that he was a director of Ripple Resources, Inc., and was authorized to redeem the mining properties on behalf of the company. Based on the information in the affidavit, Bowen issued Fayram a certificate of redemption. In August of 1991, McDonald provided documents to Bowen indicating that Ripple Resources, Inc. had been dissolved prior to Fayram's redemption of the mining properties.

Bowen filed a complaint for declaratory relief in October of 1991, requesting the District Court to resolve the controversy between Fayram and McDonald and to direct her regarding the proper disposition of the mining properties. McDonald answered and requested the court to order issuance of the tax deed on the mining properties to him. In January of 1992, Fayram answered and counterclaimed against Bowen, realleging his authority to redeem on behalf of Ripple Resources, Inc. McDonald deposed Fayram in April of 1992; no further discovery took place.

In March of 1994, McDonald moved for summary judgment against Fayram on the basis that Fayram had no right to redeem the mining properties; Bowen joined in his motion. Fayram's brief and affidavit in opposition to McDonald's motion advanced an entirely different basis for redemption from that asserted in his 1991 sworn affidavit for redemption. In addition, Fayram moved to amend his answer to allege a cross-claim against McDonald for failing to comply with statutory requirements for obtaining a tax deed. His

3

proposed amended pleading continued to affirmatively allege that he "was authorized" to redeem the mining properties on behalf of Ripple Resources, Inc.; Fayram proposed to add, as part of his prayer for relief, a request that the court determine that he had made a proper redemption.

The District Court granted McDonald's motion for summary judgment and denied Fayram's motion to amend his pleadings. The court subsequently entered judgment declaring Fayram's certificate of redemption void and vesting title to the mining properties in McDonald. Fayram appeals.

> 1. Did the District Court err in granting McDonald's motion for summary judgment on the basis that Fayram had no right to redeem the mining properties?

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review a district court's grant of summary judgment de novo, applying the same criteria used by that court initially under Rule 56(c), M.R.Civ.P. Brinkman & Lenon v. P & D Land Enterprises (1994), 263 Mont. 238, 241, 867 P.2d 1112, 1114 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214).

The moving party has the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Brinkman & Lenon, 867 P.2d at 1115. Only where the moving party satisfies its initial burden does the burden shift to the party opposing summary judgment to present evidence raising a genuine issue of material fact. Matter of

4

Estate of Lien (1995), 270 Mont. 295, 298, 892 P.2d 530, 532 (citing Owen v. Ostrum (1993), 259 Mont. 249, 255-56, 855 P.2d 1015, 1019).

The law governing tax liens on real property and tax sales, and redemption of, real property subject to a tax lien is codified in Title 15 of the Montana Code Annotated. In the instant case, no person paid the delinquent taxes on the mining properties when they were offered at a tax sale pursuant to § 15-17-211, MCA, and Granite County acquired a tax sale certificate for the properties under § 15-17-214, MCA. McDonald subsequently paid the delinquent taxes, penalties, interest and costs and Bowen assigned the tax sale certificate to him pursuant to § 15-17-323, MCA. McDonald published a notice of the pending issuance of a tax deed under § 15-18-212, MCA, and Fayram timely asserted an alleged right to redeem the mining properties pursuant to § 15-18-111, MCA.

McDonald contended in his motion for summary judgment that no genuine issue of material fact existed regarding whether Fayram had a right to redeem the mining properties under § 15-18-111, MCA, and, as a result, that he was entitled to judgment as a matter of law. Under § 15-18-111(1), MCA, redemption of a property tax lien acquired at a tax sale may only be made by "the owner, the holder of an unrecorded or improperly recorded interest, the occupant of the property, or any interested party . . . ."

The right of redemption is wholly statutory and redemption statutes are construed liberally in favor of the redemptioner. Lowery v. Garfield County et al. (1949), 122 Mont. 571, 581, 208

5

P.2d 478, 484. Notwithstanding the principle of liberal construction, however, Montana law has long required that "the person seeking to redeem must bring himself within [the statutory] provisions." See State ex rel. Federal Land Bank of Spokane v. Hays (1929), 86 Mont. 58, 63, 282 P. 32, 34; State ex rel. Bell v. McCollough (1929), 85 Mont. 435, 438, 279 P. 246, 247.

In support of his motion for summary judgment, McDonald provided documentation from the State of Colorado indicating that Ripple Resources, Inc. had been involuntarily dissolved in 1989. McDonald also relied on Fayram's deposition testimony conceding that he only served as a director of Ripple Resources, Inc. from 1982 until 1984 and that Ripple Resources, Inc. had never issued stock. We conclude that McDonald established the absence of any genuine issue of material fact regarding Fayram's right to redeem the mining properties on the Ripple Resources, Inc.-related basis upon which Fayram originally asserted that right and received the certificate of redemption from Bowen.

McDonald also addressed a different basis for Fayram's alleged right to redeem which Fayram first referenced during his deposition: that he redeemed the mining properties on behalf of Ripple Resources, Ltd. Both during his deposition and in his response to McDonald's motion for summary judgment, Fayram contended that Ripple Resources, Ltd. was the true owner of the mining properties and that the references to Ripple Resources, Inc. in the quitclaim deed from Boulder Creek, Inc. and in his sworn affidavit to Bowen were errors. He argued that, as a shareholder

6

of Ripple Resources, Ltd., he was entitled to redeem the mining properties on behalf of that company.

McDonald provided the District Court with a copy of the quitclaim deed in which Boulder Creek, Inc. granted its interest in the mining properties to "Ripple Resources, Inc." McDonald also submitted a timber purchase agreement under which Fayram, as "Director Ripple Resources, Inc.," granted Eagle Stud Mill, Inc. the right to conduct logging operations on the mining properties approximately one month after submitting his affidavit to Bowen.

We conclude that McDonald established that no genuine issue of material fact existed regarding ownership of the mining properties by Ripple Resources, Inc. and, therefore, that Fayram could not redeem on behalf of Ripple Resources, Ltd. The burden then shifted to Fayram to present affirmative evidence of a material and substantial nature to raise a genuine issue of material fact; he could not rest on the allegations or denials in his pleadings or on conclusory or speculative statements. See Estate of Lien, 892 P.2d at 532.

Fayram failed to come forward with any evidence whatsoever raising a genuine issue of material fact regarding his originally asserted right to redeem the mining properties on behalf of Ripple Resources, Inc., effectively conceding the issue. He then advanced the unpleaded theory that his right to redeem was premised on his shareholder status in Ripple Resources, Ltd., which he asserted was the true owner of the mining properties. As noted, the underpinnings of this new theory first arose during Fayram's

7

deposition and, in opposing McDonald's motion, Fayram submitted his own affidavit stating that he owned stock in Ripple Resources, Ltd. until it was dissolved in approximately 1986. He also submitted an affidavit from Robert Dixon, the former president of both Ripple Resources entities, to the same effect. Fayram argued that, as a shareholder in Ripple Resources, Ltd. when it was dissolved, he is the successor to the true owner of the mining properties and is entitled to redeem them under § 15-18-111(1), MCA, as the holder of an unrecorded or improperly recorded interest.

Fayram's affidavits and other materials regarding ownership of the mining properties by Ripple Resources, Ltd. and his shareholder status in that company attempt to raise a genuine issue of material fact about his right to redeem by contradicting the sworn affidavit for redemption he submitted to Bowen, his answer and counterclaim, and his proposed amended answer. We view evidence in a summary judgment context in the light most favorable to the party opposing the motion. Kaseta v. Northwestern Agency of Great Falls (1992), 252 Mont. 135, 138, 827 P.2d 804, 806 (citing Lorash v. Epstein (1989), 236 Mont. 21, 24, 767 P.2d 1335, 1337). However, we do not permit parties opposing summary judgment to create genuine issues of material fact by means of sworn statements or testimony totally contradicting their earlier sworn statements:

> "While the district courts must exercise extreme care not to take genuine issues of fact away from juries, '(a) party should not be allowed to create issues of credibility by contradicting his own earlier testimony' . . . Ambiguities and even conflicts in a deponent's testimony are generally matters for the jury to sort out, but a district court may grant summary [judgment] where a party's sudden and unexplained revision of testimony

8

creates an issue of fact where none existed before. Otherwise, any party could head off a summary judgment motion by supplementing previous depositions ad hoc with a new affidavit, and no case would ever be appropriate for summary judgment."

Stott v. Fox (1990), 246 Mont. 301, 309, 805 P.2d 1305, 1309-10 (quoting Wilson v. Westinghouse (8th Cir. 1988), 838 F.2d 286, 289).

In Stott, we refused to allow the plaintiff to create "a material issue of fact . . . through the use of his own contradictory testimony." Stott, 805 P.2d at 1310. We followed Stott in Kaseta, where we again determined that summary judgment was proper because the nonmoving parties attempted "to make a material issue of fact through the use of their own contradictory testimony." Kaseta, 827 P.2d at 806.

Here, Fayram swore in the affidavit which formed the basis for Bowen's certificate of redemption that he was a director of Ripple Resources, Inc.--the record owner of the mining properties--and authorized by its directors and shareholders to redeem on its behalf. His original pleading and his proposed amended pleading both affirmatively alleged that same basis for his right to redeem. On the same day he filed his motion to amend and proposed amended pleading, however, Fayram filed his brief and materials in opposition to McDonald's motion for summary judgment, wherein he asserted that he actually redeemed as a shareholder of Ripple Resources, Ltd., which he asserted was the true owner of the mining properties. By this means, Fayram tried to create a genuine issue of fact by contradicting his earlier sworn statements. Under Stott

9

and Kaseta, he is not permitted to do so.

McDonald highlighted the contradictions and inconsistencies in Fayram's various statements in the District Court and the court noted that Fayram was merely trying "to advance a theory that might allow him to recover." While the District Court did not base its determination that Fayram had failed to raise a genuine issue of material fact regarding his right to redeem on the Stott/Kaseta principle, we conclude that it properly could have done so on this record. We will affirm a district court's decision which reaches the correct result regardless of the court's reasoning. See Farmers Union Cent. Exch., Inc. v. Department of Revenue (1995), 272 Mont. 471, 475, 901 P.2d 561, 563; Bohmer v. Uninsured Employer's Fund (1994), 266 Mont. 289, 291, 880 P.2d 816, 817.

We conclude that Fayram failed to raise a genuine issue of material fact regarding his right to redeem. Accordingly, we hold that the District Court did not err in granting McDonald's motion for summary judgment on the basis that Fayram does not have a right to redeem the mining properties pursuant to § 15-18-111, MCA.

2. Did the District Court abuse its discretion in denying Fayram's motion to amend his pleadings?

As set forth above, Fayram's motion to amend his pleadings to state a cross-claim against McDonald was filed contemporaneously with his response to McDonald's motion for summary judgment. The proposed cross-claim, specifically premised on Fayram's asserted right to redeem on behalf of Ripple Resources, Inc., alleged that the tax deed process McDonald initiated did not comply with statutory requirements. As discussed in issue one, the District

10

Court granted McDonald's motion for summary judgment, concluding that Fayram had no right to redeem. The court then denied Fayram's motion to amend on the basis that, lacking a right to redeem, Fayram did not have standing to challenge the procedures used.

Rule 15(a), M.R.Civ.P., provides, insofar as is relevant here, that "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." However, while leave should be freely given, a motion for leave to amend pleadings is properly denied if amendment would be futile. See Mogan v. City of Harlem (1989), 238 Mont. 1, 8, 775 P.2d 686, 690. We review a district court's denial of a motion to amend pleadings to determine if the court abused its discretion. See Richland Nat'l Bank & Trust v. Swenson (1991), 249 Mont. 410, 421, 816 P.2d 1045, 1052; Prentice Lumber Co., Inc. v. Hukill et al. (1972), 161 Mont. 8, 17, 504 P.2d 277, 282.

Legal principles relating to standing are well-established. That we are seldom called upon to apply those principles is more a function of the ordinarily direct and personal nature of the disputes which become legal actions than of significant disagreement about the content of the principles themselves. "At the threshold of every case, especially those where a statutory or constitutional violation is claimed to have occurred, is the requirement that the plaintiff allege '. . . a personal stake in the outcome of the controversy . . . .'" Olson v. Department of Revenue (1986), 223 Mont. 464, 469, 726 P.2d 1162, 1166 (quoting Baker v. Carr (1962), 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7

11

L.Ed.2d 663, 678). This principle is referred to as standing to sue and it rests on both a constitutional basis and a judicial self-restraint basis. Olson, 726 P.2d at 1166. Standing relates not to the merits of the underlying claim, but to whether the plaintiff has "alleged a personal injury that is a prerequisite to an adjudication on the merits." Olson, 726 P.2d at 1166.

In Olson, we addressed the standing prerequisite in the context of the appellants' challenge to the constitutionality of statutes requiring county residency to run for county office or obtain a hunting or fishing license. Olson, 726 P.2d at 1166. The record reflected that the appellants had alleged neither an attempt to run for office or obtain hunting or fishing licenses nor a denial of entitlement to do so via operation of the statutes. We stated that "[i]t is not enough that appellants allege an injury which others may have suffered . . .[,] [t]hey must allege an injury personal to themselves . . . ." Olson, 726 P.2d at 1166. We held that the appellants had not alleged a personal injury that is a prerequisite to an adjudication on the merits and, in the absence of standing, declined to address their constitutional argument. Olson, 726 P.2d at 1166-67.

Stewart v. Board of County Comm'rs of Big Horn County (1977), 175 Mont. 197, 573 P.2d 184, involved facts similar to those in the present case in the context of a standing issue. There, the plaintiffs sued to have tax deed sales declared null and void and to exercise their alleged statutory preferential right of repurchase. Stewart, 573 P.2d at 185. We set forth the minimum

12

criteria to establish standing: 1) an allegation of past, present or threatened injury to a property or civil right; and 2) that the alleged injury be distinguishable from that to the general public, although not necessarily exclusive to the plaintiff. Stewart, 573 P.2d at 186. We determined that the statutory preferential rights on which the plaintiffs based their action did not exist--that is, the plaintiffs were not entitled to exercise those rights; as a result, the plaintiffs had alleged no injury to a property or civil right. We held, on that basis, that the plaintiffs lacked standing to sue for alleged improper procedure in the tax deed sales. Stewart, 573 P.2d at 187.

Here, Fayram's effort to assert a cross-claim against McDonald was premised on his alleged statutory right to redeem on behalf of Ripple Resources, Inc. The effect of the District Court's proper grant of summary judgment to McDonald on that issue is that Fayram is not entitled to exercise the statutory right to redeem; in other words, as to Fayram, the statutory right to redeem does not exist. Fayram did not allege any other injury. Therefore, like the plaintiffs in Stewart, he does not meet even the first Stewart criterion. See Stewart, 573 P.2d at 186.

Fayram relies on Hudson v. McDonald (1987), 229 Mont. 426, 430, 747 P.2d 221, 223, for the proposition that "the time for redemption continues indefinitely" if the published notice of a pending tax deed issuance is defective. Fayram's reliance on Hudson is misplaced.

Hudson was a quiet title action brought by the owner/seasonal

13

occupant of the property at issue against the tax sale purchaser. The plaintiff was clearly entitled to redeem and did so after the tax deed had been issued to the defendant purchaser; the District Court ratified the redemption. See Hudson, 747 P.2d at 222. The applicable notice statute required service on both the owner and the occupant of the property. The purchaser notified the owner of his intent to apply for a tax deed via certified mail which the owner never received; notwithstanding the purchaser's admission that he knew that the property was occupied, no notice was given to the occupant. Hudson, 747 P.2d at 222.

We noted that the statutory requirement that both the owner and the occupant be served "maximizes the probability that the delinquent taxpayer will receive notice." Hudson, 747 P.2d at 223. On that basis, we held that if the required notice was not given to the persons statutorily entitled to it, "then the time for redemption continues indefinitely." Hudson, 747 P.2d at 223 (emphasis added).

No standing issue was addressed in Hudson, perhaps because the plaintiff's right to redeem and his right to notice were both undisputed. Thus, Hudson was decided against the backdrop of a clear right to redeem not timely asserted due to a clear failure to comply with statutorily-required notice provisions. It cannot be read to disregard the requirements for standing which are at issue in the present case. Here, unlike the complaining party in Hudson, no right to redeem exists in Fayram.

Fayram also relies on Kahle v. Smithers (1987), 225 Mont. 452,

14

733 P.2d 844, which, like Hudson, involved a challenge to the procedures used in obtaining a tax deed after the redemption period had expired and the tax deed had been obtained; in Kahle, however, the tax deed had been procured through a default judgment against the owner in a court action under then-existing (and subsequently repealed) statutes. The District Court granted the tax deed holder's motion for summary judgment against the owner on the basis of res judicata. Kahle, 733 P.2d at 845. On appeal, we concluded that the tax deed purchaser's affidavit for publication of summons was deficient and, therefore, the service of process upon the owner of the property at issue was insufficient for the court to obtain jurisdiction over her. Kahle, 733 P.2d at 846. On that basis, we held that the owner could collaterally attack the earlier judgment issuing the tax deed. Kahle, 733 P.2d at 846.

Neither the factual nor the procedural context in which we decided Kahle bears any similarity to the present case. Kahle involved the record owner of the property; Fayram is not only *not* the record owner of the property, it has been determined that he had no right to redeem. Procedurally, this is not a collateral attack on an earlier judgment in which a question of proper service in the earlier proceeding is raised; conversely, Kahle did not involve a standing issue. As a result of these and other significant differences between Kahle and the present case, our conclusions in Kahle are both irrelevant and inapplicable to the present case.

As discussed above, Fayram does not meet the first Stewart

15

criterion for standing. We conclude, therefore, that Fayram does not have standing to assert a cross-claim against McDonald for alleged failures to comply with statutory requirements regarding the procedures used in this case. Absent standing, Fayram is not entitled to an adjudication of his underlying claim on the merits. See Olson, 726 P.2d at 1166. We further conclude, therefore, that amendment of Fayram's pleadings to include the proposed cross-claim against McDonald alleging failure to comply with statutory requirements would be futile. On that basis, we hold that the District Court did not abuse its discretion in denying Fayram's motion for leave to amend his pleadings.

Affirmed.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____

_____
Justices

16

April 16, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Gregory A. Jackson
JACKSON & RICE
833 North Last Chance Gulch
Helena, MT 59601

Ms. Nancy K. Moe
Attorney at Law
P.O. Box 9198
Missoula, MT 59807

Mr. Byron W. Boggs
Attorney at Law
336 Ryman
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy