No. 97-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 254

MONTANA EARTH RESOURCES

LTD. PARTNERSHIP

Plaintiff and Appellant,

v.

NORTH BLAINE ESTATES, INC., a

Montana Corporation; NORTH BLAINE

ESTATES HOMEOWNERS ASSOCIATION, INC.,

a Montana Corporation; FLATHEAD COUNTY

TREASURER; et al.,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James E. Vidal, Kaufman, Vidal & Hileman, Kalispell, Montana; Jacqueline T. Lenmark, Keller, Reynolds, Drake, Johnson & Gillespie, Helena, Montana

For Respondent:

John B. Dudis, Debra D. Parker, Crowley, Haughey, Hanson, Toole & Dietrich, Kalispell, Montana; Jonathan B. Smith, Deputy Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: February 19, 1998

Decided: October 20, 1998

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1 Plaintiff appeals from a judgment issued by the Eleventh Judicial District Court, Flathead County, voiding plaintiff's tax deed and quieting title to property in North Blaine Estates Homeowners Association, Inc. We affirm in part and vacate in part.**

## ISSUES

**¶2 1. Did the District Court err in concluding that it had jurisdiction to determine the validity of a tax deed under § 15-18-412 (5), (6), and (7), MCA?**

**¶3 2. Did the District Court err in concluding that plaintiff's tax deed was void for failure to provide adequate notice?**

**¶4 3. Does the Homeowners' Association have standing to challenge plaintiff's tax deed under §§ 15-18-212(1)(b) and 15-18-111, MCA?**

**¶5 4. Did the District Court err in refusing to enter plaintiff's proposed default judgment against North Blaine Estates, Inc.?**

**¶6 5. Did the District Court err in concluding that Montana Earth's tax deed is subject to the covenants and easements created in the Declaration of Covenants, Conditions and Restrictions of North Blaine Estates?**

## BACKGROUND

**¶7 North Blaine Estates, Inc. (hereinafter NBE), was the owner and developer of certain real property located in Flathead County, Montana, known as the North Blaine Estates Subdivision. The subdivision includes three separate tracts described as "Homeowners' Park/Common Area" on the plat approved by and recorded with Flathead County. The homeowners' parks are used by the members of the subdivision as a recreation and greenbelt area and for access to Lake Blaine. In addition, the largest of the three tracts is an important component in the community's water distribution and sewer collection systems.**

**¶8 The Board of Commissioners for Flathead County approved the proposed development of North Blaine Estates upon condition that NBE establish a homeowners' association which would take title to the homeowners' parks and maintain them as parks or playground areas. The Board also required NBE to specify net and gross acreage on each of the residential lots in the subdivision so that the taxes on the park areas could be allocated proportionately among the individual lots.**

**¶9 Each of the residential lots inside North Blaine Estates is subject to the terms and conditions of the Declaration of Covenants, Conditions, and Restrictions filed by NBE with the Flathead County recorder's office. This Declaration sets forth a number of restrictive covenants on the use of land within the subdivision and gives to each individual lot owner an easement in and to the homeowners' parks; these**

easements are appurtenant to the lots and are incorporated by reference in the warranty deeds to the lots executed by NBE. The Declaration requires any changes to the covenants affecting the homeowners' parks to be approved by at least 75% of the lot owners in the estate and the Board of Commissioners of Flathead County.

¶10 Pursuant to its agreement with the county, NBE incorporated the North Blaine Estates Homeowners' Association, Inc. (hereinafter the Homeowners' Association or the Association), and set aside portions of the subdivision property as homeowners' parks. However, while it was the intention of NBE to ultimately deed the park areas over to the Association at some point, this intention was never fulfilled.

¶11 The property taxes on the homeowners' parks were paid for the four years following commencement of the development but were not paid for the year 1990, and on December 1, 1990, the property became subject to a tax lien in favor of Flathead County. The county held a tax sale on July 15, 1991, and was deemed to be the purchaser of the property. The taxes on the property remained unpaid for the years 1991, 1992, 1993 and 1994.

¶12 On December 12, 1988, the Montana Secretary of State's office notified the Homeowners' Association that its corporate status had been involuntarily dissolved and that it was no longer authorized to carry on business in Montana. A similar notice was sent to NBE on December 9, 1993, stating that NBE's corporate status had also been involuntarily dissolved and it could no longer carry on business in Montana.

¶13 On July 15, 1994, the county began the process of obtaining a tax deed to the park property but abandoned this effort on July 21, 1994, when it assigned its interest in the property to the plaintiff, Montana Earth Resources Ltd. Partnership (hereinafter Montana Earth). On October 11, 1994, Montana Earth began anew the process of obtaining a tax deed to the property. The notice of application for the deed identified the owner of the property as "North Blaine Estates" instead of "North Blaine Estates, Inc.," and used "Sun Life Plaza, Calgary, Alberta T2P 3N3 CN 00000" instead of the company's record address, "Sun Life Plaza, Suite 340, 140 4th Ave. S.W., Calgary, Alberta T2P 3N3 CN 00000." The description of the subject property was given as "26-29-20 North Blaine Estates" rather than the full legal description, which is "North Blaine Estates Homeowners' Park, according to the map or plat thereof on file and of record in the Clerk and Recorder's Office,

Flathead County, Montana." The October 11, 1994 notice was not sent to the North Blaine Estates Homeowners' Association or any of the individual lot owners in the North Blaine Estates.

¶14 On January 11, 1995, at the direction of the Flathead County recorder's office, Montana Earth prepared a second notice to correct the defect in the prior notice with regard to the description of the subject property; however, the description of the property contained in the second notice still described the property only as "26-29-20 North Blaine Estates Homeowners' Park 3.38" rather than by its full legal description. The January 11, 1995 notice also contained the same improper proper name and address for NBE that the October 11, 1994 notice had contained.

¶15 Unlike the first notice, the January 11, 1995 notice was sent to the Homeowners' Association, but Montana Earth used an incomplete name and address for this party as well. The notice was mailed to "North Blaine Estates Homeowners Assoc., General Delivery, Kalispell, MT 59901," instead of to "North Blaine Estates Homeowners' Association, Inc., 720 North Second Street East, Kalispell, MT 59901." The individual owners of the subdivision lots in North Blaine Estates were not sent a copy of the January 11, 1995 notice, and none of those owners have ever been made party to this litigation.

¶16 On February 19, 1997, articles of incorporation for the North Blaine Estates Homeowners' Association were filed with the office of the Secretary of State, and a new corporate charter for the Homeowners' Association was granted. It is this new corporate entity which is named as a party defendant in this action.

## STANDARD OF REVIEW

¶17 An action to quiet title is a proceeding in equity. *Hart v. Barron* (1949), 122 Mont. 350, 362, 204 P.2d 797, 804. In equity cases, we apply the standard of review set forth in § 3-2-204(5), MCA, which requires this Court to determine all of the issues of the case and to do complete justice. *Quigley v. Acker*, 1998 MT 72, ¶ 19, 955 P.2d 1377, ¶ 19, 55 St.Rep. 295, ¶ 19

## ISSUE ONE

¶18 Did the District Court err in concluding that it had jurisdiction to determine the

validity of a tax deed under § 15-18-412 (5), (6), and (7), MCA?

**¶19 In its Findings of Fact, Conclusions of Law and Judgment, the District Court concluded that it had jurisdiction under Title 15 Chapter 18 of the Montana Code Annotated. Montana Earth disagrees with this conclusion and contends that jurisdiction is derived from Title 70 Chapter 28, because that title was the source of jurisdiction invoked in the amended complaint. Montana Earth stresses the importance of finding jurisdiction under Title 70 rather than Title 15, because it believes this Court disfavors actions brought under Title 15. The Homeowners' Association contends that the District Court's conclusion is not in error under the theory that a plain reading of Title 15 makes manifest the court's jurisdiction under the provisions of that title.**

**¶20 Although the parties disagree as to the source of the District Court's authority, neither party disputes that the District Court had jurisdiction to determine this case, and neither party has presented any argument suggesting what practical or legal purpose would be served by a ruling on this issue either way. Under Rule 2(a), M.R. App.P., our review of issues in a civil case is limited to those which involve the merits of the controversy or necessarily affect the outcome of the judgment. Because resolution of this issue will ultimately not impact the outcome of this case, we decline to address it.**

ISSUE TWO

**¶21** Did the District Court err in concluding that Montana Earth's tax deed was void for failure to provide adequate notice?

**¶22 Section 15-18-212(1)(b), MCA, requires that an applicant for a tax deed "notify all persons considered interested parties in the property, if any, that a tax deed will be issued to the purchaser or assignee unless the property tax lien is redeemed prior to the expiration date of the redemption period." Because a property owner's fundamental interests are at stake, punctilious compliance with all procedural requirements is demanded.** *Isern v. Summerfield***, 1998 MT 45, ¶ 10, 956 P.2d 28, ¶ 10, 55 St. Rep. 177, ¶ 10. Every material and essential step required for issuance of a tax deed must be strictly followed.** *Stanford v. Rosebud County* **(1991), 251 Mont. 128, 134, 822 P.2d 1074, 1077-78. The giving of notice to the owner of the property by the tax deed applicant is a critical element of the process of obtaining a tax deed; the**

failure to provide adequate notice deprives the county of jurisdiction to issue a deed and renders any such deed void. *Isern*, ¶ 28; *Moran v. Robbin* (1993), 261 Mont. 478, 482-83, 863 P.2d 395, 398.

¶23 Montana Earth appeals the conclusion of the District Court that, due to a series of procedural defects in its application for a tax deed, the tax deed issued to Montana Earth by Flathead County is void. The specific defects recounted by the District Court in its Findings of Fact, Conclusions of Law and Judgment were that the notice did not contain the full legal name of the property owner; that the notice was not sent to the owner's address of record; that the description of the property provided in the notice for issuance of the tax deed was not the proper legal description of the property; and that the description of the subject property differed in each of five different instruments issued in connection with the tax lien.

¶24 We agree with the District Court that there are fatal defects in the notices provided by Montana Earth and that its deed is void as a matter of law. We do not agree, however, with all of the reasons relied on by the District Court or with its characterization of the nature of those defects. In particular, our review of the record and a number of relevant statutory provisions reveals that neither of the parties to whom notice was sent hold any ownership interest in the subject property, and that no notice of any kind was attempted for the true owners of these tracts.

¶25 Under the provisions of the Montana Subdivision and Platting Act of 1973, codified at §§ 76-3-101, MCA, *et seq.*, the North Blaine Estates Homeowners' Association, Inc., became the legal owners of the homeowners' parks on November 5, 1985, when the county issued its final approval of the subdivision plat filed by NBE. Section 76-3-307, MCA, reads: "Every donation or grant to the public or to any person, society, or corporation marked or noted on a plat is to be considered a grant to the donee." The Certificate Waiving Parkland Dedication and Cash in Lieu of Homeowners' Park included on the plat of North Blaine Estates filed with Flathead County reads as follows:

> In as much as this subdivision of NORTH BLAINE ESTATES is to have a property owner's association and that the subdivider will deed the areas as denoted on this plat as "HOMEOWNERS PARK" to the association to be held in [perpetuity] for use as parks or playgrounds, and that the area of land to be deeded to the association [is] greater than the amount that would

otherwise have been dedicated to the public, parkland requirements are hereby waived as per Chapter 3, design standards, 3.19 Parkland paragraph G.(c) of the Flathead County Subdivision Regulations.

Not only was the dedication of the common areas approved and noted on the plat filed with the county, but dedication of the homeowners' parks was made a condition of final approval of development of the subdivision by the county. By operation of law, then, both legal and equitable title became vested in the Homeowners' Association as of the time the waiver by the Board of County Commissioners was filed with the recorder's office on the plat for North Blaine Estates.

¶26 As the legal owner of the subject property, the Homeowner's Association would have been entitled to notice of Montana Earth's application for a tax deed under § 15-18-212, MCA. However, because that corporation as it existed in 1985 was no longer viable as of the time Montana Earth was seeking to obtain its tax deed, we must look to the provisions of the Montana Business Corporation Act as codified under Title 35 of the Montana Code Annotated to determine what happened to the assets of the corporation when the Homeowners' Association was involuntarily dissolved by the State of Montana in 1988.

¶27 Section 35-6-104(5), MCA, states: "In the case of involuntary dissolution, all the property and assets of the dissolved corporation must be held in trust by the directors of the corporation . . . ." The names and addresses of the directors of the Homeowners' Association who became trustees of the homeowners' parks in 1988 are listed in the Association's Articles of Incorporation on file with the Secretary of State's office as William O. Tanner, 11220 30th Street S.W., Calgary, Alberta; B. Kent Remington, 150-7220 Fisher St. S.E., Calgary, Alberta; and Dennis Carver, 720 Second Street East, Kalispell, Montana.

¶28 Neither the October 11, 1994 nor the January 11, 1995 notice prepared by Montana Earth included the names and addresses of the directors/trustees of the defunct Homeowners' Association which owns the property. Both notices are therefore wholly defective. Because the notice requirements for the issuance of a tax deed are jurisdictional in nature, the tax deed issued to Montana Earth is void *ab initio* for lack of jurisdiction to issue the tax deed on the part of Flathead County.

¶29 Because we agree with the conclusion of the District Court but disagree as to the

rationale behind its ruling, we affirm the decision of the District Court that Montana Earth's tax deed is void under the "right result, wrong reason" doctrine of appellate review. *Bowen v. McDonald* (1996), 276 Mont. 193, 200, 916 P.2d 201, 206.

¶30 The relief afforded to the Homeowners' Association in the judgment below provides 60 days from the date of the judgment in which to redeem the property for the amount of Montana Earth's tax lien, upon payment of which the property will immediately vest in the Homeowners' Association. Two things are apparent from the nature of the relief granted by the District Court. The first is that the Homeowners' Association possesses a redemption right under § 15-18-111, MCA, and the second is that this right is not based on the Association's ownership of the property, but on some other "interest in the property" not qualified in the decision of the District Court.

¶31 Our review of the record and the relevant statutory provisions reveals no legally recognizable interest in this property on the part of the entity which was incorporated as the North Blaine Estates Homeowners' Association, Inc., in 1997. Although this entity bears the same name and ostensibly fulfills the same corporate purpose as the prior corporate entity, its incorporation was not effected until nine years after the dissolution of its predecessor and is therefore too far removed in time from the existence of the prior Association for the two entities to maintain a continuity of identity. *See* § 35-6-202, MCA (the restoration of corporate rights relates back to the date of dissolution and the restored corporation is deemed to have been in existence from the date of incorporation), and § 35-6-201(5), MCA ("The secretary of state may not order a reinstatement if 5 years have elapsed since the dissolution.").

¶32 Since the Homeowners' Association which was incorporated in 1997 and named as a defendant in this action possesses no legal claim to the property at issue, it is not entitled to redeem that property under § 15-18-111, MCA. *Bowen*, 276 Mont. at 197-98, 915 P.2d at 204. Therefore, to the extent that the judgment of the District Court grants the 1997 Homeowners' Association the right to redeem the homeowners' parks and vests title to this property in that entity upon payment of the amount of the lien, that judgment is vacated.

## ISSUE THREE

¶**33** Does the Homeowners' Association have standing to challenge the validity of the tax deed under §§ 15-18-212(1)(b) and 15-18-111(3), MCA?

¶**34 It is the position of Montana Earth that the Homeowners' Association has no standing in this case to challenge the validity of its tax deed, because the Association holds no legally recognizable interest in the subject property. In support of this argument, Montana Earth relies on our holding in *Bowen v. McDonald* (1996), 276 Mont. 193, 915 P.2d 201, and *Stewart v. Big Horn County* (1977), 175 Mont. 197, 573 P.2d 184, that a person without the statutory right to redeem property subject to a tax lien does not have standing to contest the validity of a tax deed.**

¶**35 We reject the argument presented by Montana Earth because it misapplies the doctrine of standing in a context where the party challenging a tax deed is not the plaintiff of a cause of action, but a defendant brought involuntarily into the action through the summons of the tax lien purchaser. The question of standing involves consideration of whether a plaintiff has asserted a legal basis upon which relief can be predicated.** *Romer v. Board of County Comm'rs* (Colo. 1998), 956 P.2d 566, 572. *Accord Bowen*, **276 Mont. at 201-2, 915 P.2d at 206. "The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a [sic] court and not on the issues he wishes to have adjudicated."** *Flast v. Cohen* (1968), 392 U.S. 83, 99, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947.

¶**36 Our holding regarding the standing requirements to challenge a tax deed as set forth in** *Bowen* **and** *Stewart* **is not contrary to our holding in the case** *sub judice,* **because in both** *Bowen* **and** *Stewart* **these requirements were applied against the plaintiff in an action to set aside the deed.** *Bowen,* **276 Mont. at 202, 915 P.2d at 207 (holding that plaintiff in a cross-claim against codefendant lacked standing to challenge codefendant's tax deed);** *Stewart,* **175 Mont. at 202, 573 P.2d at 187 (holding that plaintiffs suing to have tax deed declared void lacked standing to challenge tax deed). Because the Homeowners' Association was brought into this action by Montana Earth as a party defendant, it need not demonstrate standing to sue in order to be allowed to appear and defend against the claims asserted by Montana Earth.**

¶**37 With regard to the remaining issues presented on appeal, our holding that the tax deed issued to Montana Earth is utterly void for all purposes and against all persons renders those issues moot, and we decline to address them on those grounds.**

**¶38 For the reasons set forth herein, the judgment of the District Court is affirmed in part and vacated in part.**

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY