No. 99-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 93N

DANIEL M. BARNHART, SR.,

Plaintiff and Appellant,

v.

RICK DAY, et al.,

Defendants and Respondents.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Powell,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel M. Barnhart, Sr., *pro se*, Deer Lodge, Montana

For Respondents:

Matthew S. Robertson, Special Attorney General, Department

of Corrections, Helena, Montana

Submitted on Briefs: December 16, 1999

Decided: April 11, 2000

Filed:

_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Daniel M. Barnhart, Sr. (Barnhart) appeals from the order entered by the Third Judicial District Court, Powell County, granting the motion to dismiss filed by the Defendants, various employees and officials of the Montana Department of Corrections. We affirm.

¶3 The issue on appeal is whether the District Court erred in dismissing Barnhart's complaint for failure to state a claim upon which relief can be granted.

BACKGROUND

¶4 Barnhart filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated various of his rights under the United States and Montana Constitutions by depriving him of his legal papers and books. The following facts are taken from the allegations in his complaint.

¶5 In September of 1997, Barnhart was returned to the Montana State Prison (MSP) from Spur, Texas, where he had been serving his sentence in the Dickens County Correctional Facility. On September 22, 1997, Barnhart was transferred from the MSP to the Cascade County Jail in Great Falls, Montana. On that date, an MSP employee received and logged in a variety of Barnhart's personal property, including his legal papers and books. Barnhart returned from Great Falls to the MSP on November 19, 1997. Over the next eleven months, Barnhart attempted, through both informal and formal channels, to recover his legal papers and books, but was told that the MSP had no record of receiving any such items. Eventually, however, the papers and books were located and returned to Barnhart on October 20, 1998.

¶6 Barnhart's complaint alleged that the actions of various MSP employees and officials in failing to secure his legal papers and books and ensure their prompt return to him violated his civil rights. He

requested relief in the form of a declaratory judgment and monetary damages. The Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted because it contained no allegations of actual injury resulting from the alleged deprivation of Barnhart's papers and books as required by Lewis v. Casey (1996), 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606. The District Court agreed that Barnhart's complaint failed to allege actual injury as required by Lewis. Rather than dismissing the complaint, however, the court ordered Barnhart to amend his complaint to conform to the requirements of Lewis

¶7 Barnhart subsequently filed an amended complaint, as well as a motion for appointment of counsel to assist him in pursuing his claim. The Defendants then moved to dismiss for failure to comply with the District Court's order, asserting that the amended complaint also failed to allege an actual injury resulting from the alleged deprivation of Barnhart's legal materials. The District Court granted the motion to dismiss and Barnhart appeals.

## STANDARD OF REVIEW

¶8 A district court's ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is a conclusion of law which we review to determine whether the court's application of the law is correct. Missoula YWCA v. Bard, 1999 MT 177, ¶ 3, 983 P.2d 933, ¶ 3, 56 St.Rep. 692, ¶ 3.

## DISCUSSION

¶9 Did the District Court err in dismissing Barnhart's complaint for failure to state a claim upon which relief can be granted?

¶10 The Defendants contend that the gravamen of Barnhart's complaint is a claim that the alleged deprivation of his legal papers and books violated his constitutional right to access to the courts. Barnhart does not dispute this contention. In that regard, the United States Supreme Court has held that prison inmates have a constitutional right to access to the courts and that state prison officials may not actively interfere with that right. See, e.g., Bounds v. Smith (1977), 430 U.S. 817, 821-22, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72, 78-79. The Supreme Court also has held that an inmate alleging a violation of his or her right to access to the courts must show that the alleged actions of the prisons officials at issue resulted in an actual injury by hindering his or her efforts to pursue a legal claim.Lewis, 518 U.S. at 349-51, 116 S.Ct. at 2179-80, 135 L.Ed.2d at 616-18.

¶11Barnhart first argues that Lewis is factually distinguishable and, therefore, inapplicable here because it addressed circumstances where prison officials failed to provide inmates with adequate library facilities and legal assistance, whereas he has alleged that the MSP personnel deprived him of his personal legal papers and books. This is a distinction without a difference.

¶12 The constitutional right which the Supreme Court has recognized is that of an inmate's access to the courts. Lewis, 518 U.S. at 350, 116 S.Ct. at 2179, 135 L.Ed.2d at 617 (citing Bounds, 430 U.S. at 821,

97 S.Ct. at 1494-95, 52 L.Ed.2d at 78-79). This constitutional right is protected by prohibiting state prison officials from actively interfering with inmates' attempts to pursue legal claims, whatever that interference may be. Lewis, 518 U.S. at 350, 116 S.Ct. at 2179, 135 L.Ed.2d at 617 (citations omitted). Thus, the Lewis requirement that an inmate show an actual injury resulting from the alleged official interference applies to all claims for the violation of an inmate's right to access to the courts and, to that extent, the manner in which interference by prison officials manifests itself is not a distinguishing factor.

¶13 Moreover, the requirement that an inmate alleging a violation of the right to access to the courts show an actual injury derives from the doctrine of standing. Lewis, 518 U.S. at 349, 116 S.Ct. at 2179, 135 L.Ed.2d at 616. Under the doctrine of standing, an allegation of a personal injury to the plaintiff is a prerequisite to an adjudication on the merits of the case. Bowen v. McDonald (1996), 276 Mont. 193, 201-02, 915 P.2d 201, 206-07 (citation omitted). Consequently, a threshold requirement in every case, especially those where a constitutional violation is alleged to have occurred, is that the plaintiff establish standing to sue by alleging such a personal injury. Bowen, 276 Mont. at 201, 915 P.2d at 206 (citation omitted). As a result, the Lewis requirement that an inmate allege a personal injury, being derived from the concept of standing to sue, is a threshold requirement in any case based on an alleged violation of an inmate's constitutional right to access to the courts. We conclude that the District Court did not err in determining that Lewis applies here and requires Barnhart to allege a personal injury resulting from the alleged deprivation of his legal papers and books.

¶14 Next, Barnhart argues that his amended complaint alleged a personal injury sufficient to satisfy the Lewis requirements by alleging that the Defendants' actions "prevent[ed] plaintiff from litigating in his ongoing litigation or future litigation during the time that plaintiff was deprived of said legal material . . . ." We disagree.

¶15 An inmate bringing an action based on a violation of his or her right to access to the courts must show that the prison officials' interference "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351, 116 S.Ct. at 2180, 135 L.Ed.2d at 618. The Supreme Court stated that examples of such hindrance included showing that an inmate's complaint was dismissed or that the inmate was precluded for some reason from even filing a complaint. Lewis, 518 U.S. at 351, 116 S.Ct. at 2180, 135 L.Ed.2d at 618. In other words, Lewis requires an allegation that the inmate was precluded from adequately pursuing litigation in some specific manner.

¶16 Here, Barnhart's amended complaint alleged only that the deprivation of his legal papers and books prevented him from pursuing current and initiating new litigation. The complaint alleged no specific injury--such as the inability to timely respond to a motion or the dismissal of a complaint he had filed--which resulted from the Defendants' alleged actions. We conclude that Barnhart's amended complaint fails to allege a specific injury as required by Lewis and, consequently, fails to state a claim for violation of his constitutional right to access to the courts.

¶17 Finally, Barnhart asserts that the District Court erred in ruling on the Defendants' motion to dismiss prior to ruling on his motion for appointment of counsel. While Barnhart cites various federal cases

describing circumstances under which it may be appropriate to appoint counsel for an indigent inmate, he cites no authority under which a district court is required to rule on a motion for appointment of counsel prior to ruling on a motion to dismiss the complaint for failure to state a claim. Rule 23(a)(4), M. R.App.P., requires the appellant to support his argument with citation to authority and we regularly decline to address the merits of arguments not supported with legal authority. See In re Marriage of Pfennings, 1999 MT 250, ¶ 32, 989 P.2d 327, ¶ 32, 56 St.Rep. 981, ¶ 32 (citations omitted). As a result, we decline to address this argument further.

¶18 We hold that the District Court did not err in dismissing Barnhart's complaint for failure to state a claim upon which relief can be granted.

¶19 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER