No. 00-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 65N

PHILIP JOHN MILANOVICH,

Plaintiff and Respondent,

v.

STOJAN JANICICH, MARY JANICICH,

NATALIE JANICICH MARUSICH, LOUISE

JANICICH OBRADOVICH, DELORES JANICICH,

LOUIS JANICICH, IGNATZ MILLINACH,

BLAZO (or BOB) KILIBARDA, MICHAEL J. HENNESSY,

WILLIE D. HENNESSY, THOMAS COUGHLIN,

CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC

RAILROAD COMPANY, A & K RAILROAD MATERIALS,

MIKE BARTOLETTI, DAN O'NEILL, and all other persons

unknown claiming or who might claim any right, title,

estate, or interest in or lien or encumbrance upon the real

property described in the complaint adverse to plaintiff's

title thereto, whether such claim or possible claim be

present or contingent,

Defendants and Appellants.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

R. Lewis Brown, Jr., Attorney at Law, Butte, Montana

Brian T. Atcheson, Attorney at Law, Butte, Montana

For Respondent:

Carl A. Hatch, Small, Hatch, Doubek & Pyfer, Helena, Montana 59624

Submitted on Briefs: October 19, 2000
Decided: April 18, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Philip John Milanovich filed an action to quiet title to real property in Silver Bow County, Montana. Mike Bartoletti and Dan O'Neill appeared to contest the quiet title action. The District Court quieted title in favor of Milanovich and also granted his right to a prescriptive easement. Bartoletti and O'Neill appeal and present the following questions:

¶3 1. Did the District Court err in quieting title to Lot 4, Section 30, T.2 N., R.7 W., M.P. M., Silver Bow County, Montana, in favor of Milanovich?

¶4 2. Did the District Court err in determining that Milanovich had a prescriptive easement over roads across the Ernest Lode?

¶5We affirm.

## BACKGROUND

¶6 On November 26, 1968, Philip John Milanovich acquired title by deed to Lot 1, Section 29, and Lots 3 and 4, Section 30, T.2 N., R.7 W., M.P.M., as shown on C.O.S. #177-A. Milanovich surveyed and fenced the property and filed the survey with the Clerk and Recorder of Silver Bow County in June 1980. The survey showed that the Chicago, Milwaukee, St. Paul, and Pacific Railroad (hereinafter Milwaukee Railroad) had railroad tracks curving through Lot 4. Milanovich continuously paid taxes on the property since his original date of ownership.

¶7 On October 5, 1989, Milanovich received a letter from the Butte-Silver Bow County Appraisal Supervisor indicating that his tax assessment on his property was being reduced from 99.13 acres to 88.32 acres, and the difference of 10.81 acres was being assessed to A & K Railroad Materials, Inc., as owners of the property. Milanovich protested the action by the assessor and continued to pay taxes on 99.13 acres. Milanovich subsequently filed an action to quiet title to the full 99.13 acres.

¶8 Defendant Mike Bartoletti disputes Milanovich's ownership of the 10.81 acres in Lot 4, Section 30, which formerly was used by Milwaukee Railroad as a right-of-way. Milwaukee Railroad, through its trustee in bankruptcy, deeded its interest in the property to A & K Railroad Materials, Inc., by quitclaim deed, and Bartoletti subsequently purchased the property by quitclaim deed from A & K Railroad Materials, Inc.

¶9 Defendant Dan O'Neill also disputes Milanovich's ownership. O'Neill owns a patented

mining claim known as the Ernest Lode which is located entirely within the boundaries of Milanovich's property as shown on C.O.S. #177-A. O'Neill and Milanovich have had a long standing dispute regarding Milanovich's right to use roads that cross the Ernest Lode. Milanovich sought a prescriptive easement across two roads in the Ernest Lode which proceed off of the existing road as shown on C.O.S. #177-A, one leading east to Lot 1, Section 29, and one leading west to Lot 3, Section 30.

¶10 The District Court conducted a hearing addressing the issues between Milanovich and Bartoletti on July 17, 1998, and heard the issues between Milanovich and O'Neill on November 20, 1998. On December 8, 1999, the Court filed its findings of fact and conclusions of law. The District Court entered its Judgment and Decree of Quiet Title on January 17, 2000, quieting title to Lot 1, Section 29, Lot 3, Section 30, and Lot 4, Section 30 as described on C.O.S. #177-A in favor of Milanovich and sustaining Milanovich's prescriptive easement across Ernest Load on the road leading to Lot 1, Section 29, and the road leading to Lot 3, Section 30. Bartoletti and O'Neill appeal.

## STANDARD OF REVIEW

¶11 An action to quiet title is a proceeding in equity. In equity cases, we apply the standard of review set forth in § 3-2-204(5), MCA, which requires this Court to determine all of the issues in the case and to do complete justice. *Montana Earth Resources Ltd. Partnership v. North Blaine Estates, Inc*., 1998 MT 254, ¶ 17, 291 Mont. 216, ¶ 17, 967 P.2d 376, ¶ 17.

## ISSUE ONE

¶12 Did the District Court err in quieting title to Lot 4, Section 30, T.2 N., R.7 W., M.P. M., Silver Bow County, Montana, in favor of Milanovich?

¶13 Milanovich contends that he and his predecessors in interest enjoyed possession and ownership of Lot 4, Section 30, from the time of the original patent to Joseph A. Gearing on March 14, 1917, subject only to a right-of-way of the Milwaukee Railroad granted pursuant to 43 U.S.C. § 934. Milanovich further contends that the Milwaukee Railroad abandoned its right-of-way across Lot 4, Section 30, prior to October 1983.

¶14 Bartoletti argues that the interest in that section of land was legally conveyed to him via quitclaim deed by A & K Railroad Materials, Inc. He argues that A & K Railroad

Materials, Inc., purchased its interest from Milwaukee Railroad which acquired title through a good faith purchase from an original mining claimant.

¶15 The District Court concluded that Milanovich has full legal ownership of the disputed property. We agree. At no time did the Milwaukee Railroad, or its predecessors in interest, receive a patent to the land it used as a right-of-way. The Milwaukee Railroad had a right-of-way that was a mere possessory interest for as long as it operated the railroad. *See* 43 U.S.C. §§ 934-938 (1875 Railroad Right of Way Act). When it abandoned operations, the full right to the property reverted back to the United States. Thus, Milanovich holds full title to the property because he succeeded to the rights of the original patentee.

¶16 We conclude that the District Court did not err in quieting title to Lot 4, Section 30, T.2 N., R.7 W., M.P.M., Silver Bow County, Montana, in favor of Milanovich.

ISSUE TWO

¶17 Did the District Court err in determining that Milanovich had a prescriptive easement over roads across the Ernest Lode?

¶18 Milanovich contends that he and his predecessors have used two roads through the Ernest Lode openly, visibly, notoriously, continuously, adversely, and exclusively under a claim of right, and without permission from anyone, for a period of more than 50 years. O'Neill contends that Milanovich has not utilized the roads and does not have the right to utilize the roads that cross through his property. The District Court concluded that Milanovich had a right to use the existing roads and that his continued use ripened into a prescriptive easement for the required statutory period. We agree.

¶19 A party claiming an easement by prescription must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the full statutory period of five years. *See* § 70-19-404, MCA; *see also Unruh v. Tash* (1995), 271 Mont. 246, 250, 896 P.2d 433, 435. Even though conflicting evidence was presented as to the validity of the prescriptive easement, testimony by Milanovich with the presentation of aerial photographs was substantial evidence for the District Court to properly conclude that the requirements for the creation of a prescriptive easement had been fulfilled. *See Hagfeldt v. Mahaffey* (1978), 176 Mont. 16, 22, 575 P.2d 915, 919. We conclude that the District Court did not err in determining that Milanovich had proven the existence of a prescriptive easement to the two roads through the Ernest Lode.

¶20 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER